## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

ADVANCE LOCAL MEDIA LLC; ADVANCE
MAGAZINE PUBLISHERS INC. D/B/A
CONDÉ NAST; THE ATLANTIC MONTHLY
GROUP LLC; FORBES MEDIA LLC;
GUARDIAN NEWS & MEDIA LIMITED;
INSIDER, INC.; LOS ANGELES TIMES
COMMUNICATIONS LLC; THE
MCCLATCHY COMPANY, LLC; NEWSDAY,
LLC; PLAIN DEALER PUBLISHING CO.;
POLITICO LLC; THE REPUBLICAN
COMPANY; TORONTO STAR NEWSPAPERS
LIMITED; and VOX MEDIA, LLC,

      Plaintiffs,

   v.

COHERE INC.,

      Defendant.

Civil Action No. 25-cv-1305-CM



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/2025

## STIPULATION AND ORDER REGARDING PROTECTIVE ORDER

COLLEEN MCMAHON, United States District Judge:

WHEREAS Plaintiffs Advance Local Media, LLC; Advance Magazine Publishers Inc. d/b/a Condé Nast; The Atlantic Monthly Group LLC; Forbes Media LLC; Guardian News & Media Limited; Insider, Inc.; Los Angeles Times Communications LLC; The McClatchy Company, LLC; Newsday, LLC; Plain Dealer Publishing Co.; Politico LLC; The Republican Company; Toronto Star Newspapers Limited; and Vox Media, LLC and Defendant Cohere Inc. (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not entitle them to file confidential information under seal, and that Rule V.A of Judge McMahon's Individual Practices sets forth the procedures that must be followed and standards that govern when a Party seeks leave to file material under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing party and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored

1

confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.    Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY pursuant to the terms of this Protective Order (hereinafter "Protected Discovery Material") (1) shall use such Protected Discovery Material only for the prosecution or defense of this action and not for any other purpose and (2) shall not disclose such Protected Discovery Material to anyone else, except as expressly permitted hereunder.

2.    The protections conferred by this Protective Order cover not only Protected Discovery Material, but also (1) any information copied or extracted from Protected Discovery Material; (2) all copies, excerpts, summaries, or compilations of Protected Discovery Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Discovery Material. However, the protections conferred by this Protective Order do not cover any information that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain, including becoming part of the public record through trial or otherwise, after its disclosure to a recipient; or (c) is known to the recipient of the disclosure or obtained by the recipient after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party. Any use of Protected Discovery Material at trial shall be

2

governed by a separate agreement or order.

3.    If it comes to a producing party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that producing party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.    Each producing party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

5.    A producing party may designate as "CONFIDENTIAL" Protected Discovery Material information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or information or tangible things whose public disclosure or use outside this action could be detrimental to the conduct of a Party's business or its clients or customers.

6.    A producing party may designate extremely sensitive CONFIDENTIAL Protected Discovery Material as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if disclosure of that material to another party or non-party would create a substantial risk of serious harm to the producing party, and that substantial risk could not be avoided by less restrictive means.

7.    A producing party may designate extremely sensitive HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Protected Discovery Material as HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY if disclosure of that material to another party or non-party would create a substantial risk of serious harm to the producing party, including its in-house counsel, and that substantial risk could not be avoided by less restrictive means. For avoidance of doubt, the following types of material may be designated as HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY: (a) commercially sensitive agreements or draft agreements, as well as

3

documents and communications regarding such agreements, or (b) source or computer code, associated comments and revision histories, formulas, data, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

8.      The Parties shall negotiate a protocol that shall govern the manner in which certain Protected Discovery Material that has been designated HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY shall be made available for inspection. If a producing party intends to make certain Protected Discovery Material that has been designated as HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY available only for inspection, rather than producing copies, the producing party shall inform the receiving party in writing. The receiving party may object in writing to the producing party making Protected Discovery Material that has been designated HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY available only for inspection. If the receiving party so objects, the Parties shall promptly meet and confer in an attempt to resolve the matter by agreement. If the Parties cannot reach agreement promptly, counsel for the disclosing and receiving parties will address their dispute to this Court in accordance with Section V.B of this Court's Individual Practices and Section II.C of Magistrate Judge Netburn's Individual Practices.

9.      With respect to the protected portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or that party's counsel may designate such portion as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY by stamping or otherwise clearly marking as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY in a manner that will not interfere with legibility or audibility.

10.     With respect to deposition transcripts, a producing party or that party's counsel may

4

designate such portion as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY by notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the final deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Protected Discovery Material. All counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit in their possession or under their control as directed by the producing party or that party's counsel. If, at the conclusion of a deposition, the producing party designates the transcript as Protected Discovery Material, the entire deposition transcript will be treated as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for a 30-day period following the conclusion of a deposition.

11. If at any time prior to the trial of this action, a producing party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Protected Discovery Material, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Protected Discovery Material under the terms of this Protective Order. An inadvertent failure to designate qualified information or items does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such material.

12. If a recipient learns that, by inadvertence or otherwise, it has disclosed Protected Discovery Material to any person or in any circumstance not authorized under this Protective Order, the recipient must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the Non-

5

Disclosure Agreement in the form annexed as an Exhibit hereto.

13. In the event of an inadvertent production of material protected by the attorney-client privilege, the common-interest privilege, the work-product protection, or any other applicable privilege, the producing party may notify the receiving party within 30 days after the producing party becomes aware of such inadvertent production. Upon notification, the receiving party shall immediately return, sequester, or destroy the inadvertently produced Discovery Material and all copies as well as notes, summaries, and/or work product reflecting the content of such material, and confirm same. If only a portion of the Discovery Material is privileged, the producing party shall immediately provide a new version of the Discovery Material in which the privileged material has been redacted. No further use or disclosure shall be made of the inadvertently produced Discovery Material (unless authorized under Federal Rule 26(b)(5)(B)), and the receiving party shall take all reasonable and appropriate steps to retrieve and destroy the Discovery Material, and all copies, from any person who has received the Discovery Material through the receiving party. A producing party that asserts that it inadvertently produced privileged or protected documents shall not be required to provide discovery on its internal procedures for conducting reviews prior to production, and it shall not be required to demonstrate that such procedures were sufficiently rigorous. A receiving party may file a motion to compel the production of any document subject to the clawback provisions of this paragraph.

14. No person subject to this Protective Order other than the producing party shall disclose any Protected Discovery Material designated as CONFIDENTIAL to any other person whomsoever, except to:

   a. the recipient's counsel of record in this action, and employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

   b. the officers, directors, and employees (including in-house counsel) of the recipient to

6

whom disclosure is reasonably necessary for this litigation, provided such persons, other than in-house counsel with responsibility for managing this litigation and their staff, have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

c. testifying and consulting experts (and their respective support personnel) of the recipient to whom disclosure is reasonably necessary for this litigation, provided the receiving party first discloses the Protected Discovery Material to the expert pursuant to paragraph 18 and the expert executes a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d. the Court and its personnel;

e. court reporters and their staff;

f. professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. during their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, unless otherwise agreed by the producing party or ordered by the court;

h. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

15. No person subject to this Protective Order other than the producing party shall disclose any Protected Discovery Material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to any other person whomsoever, except to:

a. the recipient's counsel of record in this action and employees of said counsel to

whom it is reasonably necessary to disclose the information for this litigation;

b. Except as otherwise provided, designated in-house counsel of the recipient to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

c. experts (and their respective support personnel) of the recipient to whom disclosure is reasonably necessary for this litigation, provided the receiving party first discloses the Protected Discovery Material to the expert pursuant to paragraph 18 and the expert executes a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d. the court and its personnel;

e. court reporters and their staff;

f. professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; or

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

16. No person subject to this Protective Order other than the producing party shall disclose any Protected Discovery Material designated as HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY to any other person whomsoever, except to:

a. the recipient's counsel of record in this action and employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

b. experts (and their respective support personnel) of the recipient to whom

8

disclosure is reasonably necessary for this litigation, provided the receiving party first discloses the Protected Discovery Material to the expert pursuant to paragraph 18 and the expert executes a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

c.  the court and its personnel;

d.  court reporters and their staff;

e.  professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; or

f.  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

17.  Prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs 14(c), 14(f), 14(g), 15(b), 15(c), 15(f), 16(b), and 16(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

18.  Unless otherwise ordered by the court or agreed to in writing by the producing party, a receiving party that seeks to disclose to a testifying or consulting expert any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY must first make a written disclosure to the producing party that (1) sets forth the full name of the expert; (2) the expert's current CV; (3)

9

identifies the expert's current employer(s); and (4) provides a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition.

     a. The receiving party that makes a disclosure under Section 18 and provides the information required may disclose the subject Protected Discovery Material to the identified expert(s) unless, within five business days of delivering the disclosure, the party receives a written objection from the producing party. Any such objection must be made in good faith and set forth in detail the grounds on which it is based.

     b. A receiving party that receives a timely written objection must meet and confer with the producing party to try to resolve the matter by agreement within three business days of the written objection, or such other time agreed to by the parties. If no agreement is reached, the party opposing disclosure must file a letter as provided in Section V.B of this Court's Individual Practices and Section II.C of Magistrate Judge Netburn's Individual Practices within five business days of the parties' meet and confer conference. The producing party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the recipient's need to disclose the Protected Discovery Material to its expert. If, after a timely objection and meet and confer conference, the opposing (receiving) party does not file a letter or motion with the Court pursuant to the procedures of this paragraph, the receiving party intending to disclose the Protected Discovery Material to properly identified experts may do so.

19. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with

particularity the grounds of the objection. The Parties shall meet and confer regarding the objection within seven days of that notice. If the Parties cannot reach agreement promptly, counsel for the disclosing and receiving parties will address their dispute to this Court in accordance with Section V.B of this Court's Individual Practices and Section II.C of Magistrate Judge Netburn's Individual Practices.

20.  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the information covered by this Order.

21.  A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The terms of this Protective Order are applicable to information produced by a non-party in this action and designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

22.  Recipients of Protected Discovery Material under this Protective Order may use such material solely for prosecuting, defending, or attempting to settle this litigation. Recipients may not use Protected Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal

11

Rules of Civil Procedure.

23. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Discovery Material, that Party must:

   a. promptly notify in writing the producing party. Such notification shall include a copy of the subpoena or court order;

   b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

   c. If the producing party timely seeks a protective order in the other litigation, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Discovery Material before a determination by the court from which the subpoena or order issued, unless the party has obtained the producing party's permission. The producing party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a recipient of Protected Discovery Material in this action to disobey a lawful directive from another court.

24. Absent prior consent from the producing party, any party seeking to publicly file redacted documents or file a producing party's Protected Discovery Material under seal (a "Filing Party") shall follow this Court's Individual Practices, including requesting leave to file materials under seal. A Filing Party's request to file a producing party's Protected Discovery Material under seal shall state the producing party's designation as the basis and immediately provide the producing party notice of the request to seal, along with a copy of filed documents showing the

12

producing party's Protected Discovery Material unredacted. Within five business days of the Filing Party requesting leave to file under seal, the producing party shall file with the Court a statement of the reasons that the Protected Discovery Material should be sealed that complies with this Court's Individual Practices. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. Notwithstanding its designation, there is no presumption that Protected Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

25. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Discovery Material itself, and not text that in no material way reveals the Protected Discovery Material.

26. Each person who has access to Discovery Material that has been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

27. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a producing party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

28. Within 60 days after the final disposition of this action, as defined in paragraph 27, each recipient must return all Protected Discovery Material to the producing party or destroy such

material. As used in this paragraph, "all Protected Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Discovery Material or material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or "HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY." Whether the Protected Discovery Material is returned or destroyed, the receiving party must submit a written certification to the producing party by the 60-day deadline that (1) all the Protected Discovery Material was returned or destroyed and (2) the recipient has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Discovery Material outside of archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Protective Order.

29. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. The recipients of any Protected Discovery Material hereby agree to subject themselves to the jurisdiction of this Court for any proceedings related to the performance under, compliance with, or violations of this Protective Order. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

30. The following addendum is deemed incorporated into the Parties' Stipulation and Confidentiality Order.

a. The Parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as

14

CONFIDENTIAL by the Parties are in fact confidential.

    b.   It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

    c.   The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to CONFIDENTIAL material under this stipulation, the decision will not be published for ten days. The Parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

    d.   If this addendum is acceptable to the Parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for document by document review and decision on whether that document should be subject to confidential treatment.

SO STIPULATED AND AGREED.

Dated: September 26, 2025

/s/ *R. David Hosp*
_____

David Hosp (SBN 2713550)
Laura Najemy (admitted *pro hac vice*)

/s/ *Scott A. Zebrak*
_____

Scott Zebrak
Jennifer Pariser

Sheryl Garko (admitted *pro hac vice*)
Mark Puzella (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116-3740
Telephone: (617) 880-1800
dhosp@orrick.com
lnajemy@orrick.com
sgarko@orrick.com
mpuzella@orrick.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700
ahurst@orrick.com

Christopher J. Cariello (SBN 5176821)
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
ccariello@orrick.com

Geoffrey Moss (admitted *pro hac vice*)
Avery Cartwright (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA 90071-1596
Telephone: (213) 629-2020
gmoss@orrick.com
acartwright@orrick.com

Amanda Lack (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
353 N. Clark St., Suite 3600
Chicago, IL 60654
Telephone: (312) 924-9800
alack@orrick.com

*Attorneys for Defendant*

Yunyi Chen
OPPENHEIM + ZEBRAK, LLP
461 5th Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 951-1156
scott@oandzlaw.com
jpariser@oandzlaw.com
ychen@oandzlaw.com

Meredith Stewart
Audrey L. Adu-Appiah
Kathleen Wills
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue
NW, 5th Floor
Washington, DC 20016
Telephone: (202) 480-2999
mstewart@oandzlaw.com
aadu-appiah@oandzlaw.com

*Attorneys for Plaintiffs*

SO ORDERED.

Dated: 9/29/2025
New York, New York

COLLEEN McMAHON
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ADVANCE LOCAL MEDIA LLC; ADVANCE
MAGAZINE PUBLISHERS INC. D/B/A
CONDÉ NAST; THE ATLANTIC MONTHLY
GROUP LLC; FORBES MEDIA LLC;
GUARDIAN NEWS & MEDIA LIMITED;
INSIDER, INC.; LOS ANGELES TIMES
COMMUNICATIONS LLC; THE
MCCLATCHY COMPANY, LLC; NEWSDAY,
LLC; PLAIN DEALER PUBLISHING CO.;
POLITICO LLC; THE REPUBLICAN
COMPANY; TORONTO STAR NEWSPAPERS
LIMITED; and VOX MEDIA, LLC,

        Plaintiffs,

    v.

COHERE INC.,

        Defendant.

Civil Action No. 25-cv-1305-CM

---

## UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER

I, _____, state the following under penalties of perjury as provided by law:

I acknowledge that I have read and understood the Protective Order in this action governing the treatment of discovery material that has been designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY ("Protected Discovery Material"). I agree to be bound by the Protective Order. I agree that I will use and/or disclose such Protected Discovery Material only in accordance with the terms of the Protective Order and solely for the purposes of this litigation.

I understand that neither Protected Discovery Material nor any notes concerning the same may be disclosed to anyone not bound by the Protective Order. I further agree that, upon conclusion

18

of the litigation, I will either return all Protected Discovery Material and any notes concerning such material to the attorney for the producing party, or I will destroy such Protected Discovery Material and notes at the attorney's request.

I submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under the Protective Order. I explicitly waive any objections I might have to this Court's jurisdiction over me or to the propriety of venue in this Court. I understand that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Signature: _____

Name:

Title:

Date:

19