## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ADVANCE LOCAL MEDIA LLC, ADVANCE MAGAZINE PUBLISHERS INC. D/B/A CONDE NAST, THE ATLANTIC MONTHLY GROUP LLC, FORBES MEDIA LLC, GUARDIAN NEWS & MEDIA LIMITED, INSIDER, INC., LOS ANGELES TIMES COMMUNICATIONS LLC, THE MCCLATCHY COMPANY, LLC, NEWSDAY, LLC, PLAIN DEALER PUBLISHING CO., POLITICO LLC, THE REPUBLICAN COMPANY, TORONTO STAR NEWSPAPERS LIMITED, and VOX MEDIA, LLC,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>COHERE INC.,<br><br>　　　　　Defendant. | Civil Action No. 1:25-cv-01305-CM<br><br>**COHERE'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Cohere Inc. ("Cohere"), by and through its undersigned counsel, hereby responds to Plaintiffs' Complaint ("Complaint"), filed by Plaintiffs Advance Local Media LLC; Advance Magazine Publishers Inc. d/b/a Condé Nast; The Atlantic Monthly Group LLC; Forbes Media LLC; Guardian News & Media Limited; Insider, Inc.; Los Angeles Times Communications LLC; The McClatchy Company, LLC; Newsday, LLC; Plain Dealer Publishing Co.; Politico LLC; The Republican Company; Toronto Star Newspapers Limited; and Vox Media, LLC (collectively "Plaintiffs").

### NATURE OF THE CASE

1.　　　The first sentence of Paragraph 1 states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegations of the first sentence of Paragraph 1. Cohere admits that

2

it offers artificial intelligence ("AI") services.  Except as expressly admitted, Cohere denies the remaining allegations of Paragraph 1.

2.       Cohere admits that Plaintiffs publish journalism.  Cohere otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and therefore denies them.

3.       Cohere admits that its valuation exceeds $5 billion.  Cohere also admits that its CEO Aidan Gomez made a social media post on February 8, 2025, which is available at https://x.com/aidangomez/status/1888298866171047358.  Cohere further admits that the quoted language in Paragraph 3 was incorporated into said social media post and respectfully refers the Court to said social media post for its content.  The remaining allegations of Paragraph 3 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegations of Paragraph 3.

4.       Cohere admits that it offers a product line of generative large language models ("LLMs") called Command.   Cohere further admits that a social media post titled "Where AI Enterprise is Headed" was published on December 5, 2024 by its CEO Aidan Gomez and is available    at    https://www.linkedin.com/pulse/where-enterprise-ai-headed-aidan-gomez-dznjf/.  Cohere further admits that said social media post contains the phrase "verifiable answers" as quoted in Paragraph 4.  Cohere further admits that a blog post titled "Introducing Chat with Retrieval-Augmented Generation (RAG)" was published on Cohere's website on September 28, 2023 and is available at https://cohere.com/blog/chat-with-rag.  Cohere further admits that the phrases "retrievable sources" and "crucial for use cases like content generation," quoted language in Paragraph 4, appear in said blog post.  Cohere denies the characterization of these documents in Paragraph 4, which implies that the December 5, 2024 social media post and the September 28,

2023 blog post should be read in conjunction and otherwise omits important context surrounding the quoted language. In particular the phrase "retrievable sources" and "crucial for use cases like content generation, knowledge assistants, and customer supports" appear in separate paragraphs and under separate headings of the September 28, 2023 blog post. Cohere respectfully refers the Court to these documents for their content. Except as expressly admitted, Cohere denies the remaining allegations of Paragraph 4.

5.      Cohere lacks knowledge or sufficient information to form a belief as to the truth of the first two sentences of Paragraph 5 and therefore denies their allegations. The remaining allegation in Paragraph 5 states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegations of Paragraph 5.

6.      Cohere admits that an article titled "Cohere CEO and president discuss Nvidia and Oracle funding, Hinton comments and the future of LLMs" by Sharon Goldman was published on the VentureBeat website on June 27, 2023, and is available  at https://venturebeat.com/ai/cohere-ceo-and-president-discuss-nvidia-and-oracle-funding-hinton-comments-and-the-future-of-llms. Cohere further admits that the quoted language in the first sentence of Paragraph 6 appears in said article, and respectfully refers the Court to that document for its content. Cohere further admits that an article titled "AI will make money sooner than you'd think says Cohere CEO Aidan Gomez" by Nilay Patel was published on The Verge website on June 10, 2024, and is available at https://www.theverge.com/24173858/ai-cohere-aidan-gomez-money-revenue-llm-transformers-enterprise-stochastic-parrot. Cohere further admits that the quoted language in the second sentence of Paragraph 6 appears in said article, and respectfully refers the Court to that document for its content. Cohere denies the remaining allegations of Paragraph 6.

7.      Paragraph 7 states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegations of Paragraph 7.

8.      The first two sentences of Paragraph 8 states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the first two sentences of Paragraph 8.  Cohere admits that a blog post titled "The Cohere AI App is available in Slack" was published on Cohere's website on September 16, 2024 and is available at https://cohere.com/blog/slack-cohere-ai-app.  Cohere further admits that the quoted language in Paragraph 8 appears in said blog post.  Cohere denies Paragraph 8's characterization of the content of the blog post, which omits important context.  In context, the blog post states, "In Slack, the Cohere AI app can help you with a wide range of tasks, from drafting copy to querying your company's content.  It can also search the web to do research, gather relevant data, and keep you up to date with the latest news.  For example, a user can gather insights directly in Slack by comparing internal reports to external information from web sources. The app is designed to provide you with reliable answers to your questions based on your company's trusted data sources."  Cohere further admits that a blog post titled "Introducing Chat with Retrieval-Augmented Generation (RAG)" was published on September 28, 2023 and is available at https://cohere.com/blog/chat-with-rag.  Cohere respectfully refers the Court to these documents for their content.

9.      Cohere admits that the Complaint comprises both numbered paragraphs and a series of exhibits, A through D.  Cohere further admits that Exhibit A purports to contain a list of works and that Exhibit C purports to contain federal trademark registrations.  Cohere lacks knowledge or sufficient information to form a belief as to the complete mechanism by which Plaintiffs obtained

the output shown or referenced in Exhibits B and D of the Complaint, and therefore denies the allegations regarding their content. Paragraph 9 otherwise states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the remaining allegations of Paragraph 9.

10.      Paragraph 10 states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegations of Paragraph 10.

## THE PARTIES

### Advance Companies

11.      Cohere admits that Advance Magazine Publishers Inc. ("Condé Nast") is a corporation which publishes print and digital journalism products, and that Exhibit A to the Complaint purports to list works appearing in The New Yorker, Vogue, Architectural Digest, and Wired. The final sentence of Paragraph 11 states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them.

12.      Cohere admits that Advance Local Media LLC ("Advance Local Media") is a limited liability company which publishes print and digital journalism products, and that Exhibit A to the Complaint purports to list works appearing in The Oregonian. The final sentence of Paragraph 12 states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and therefore denies them.

13.     Cohere admits that Plain Dealer Publishing Co. ("The Plain Dealer") is a corporation which publishes print products, and that Exhibit A to the Complaint purports to list works appearing in The Plain Dealer.  The final sentence of Paragraph 13 states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and therefore denies them.

14.     Cohere admits that The Republican Company ("The Republican") is a corporation which publishes print products, and that Exhibit A to the Complaint purports to list works appearing in The Republican.  The final sentence of Paragraph 14 states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies them.

15.     Cohere admits that Advance Publications, Inc. is a corporation.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies them.

16.     Paragraph 16 lacks any factual allegation which Cohere can admit or deny.

**The Atlantic**

17.     Cohere admits that The Atlantic Monthly Group LLC ("The Atlantic") publishes print and digital products, and that Exhibit A to the Complaint purports to list works appearing in The Atlantic.  The final sentence of Paragraph 17 also states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works.  Cohere lacks knowledge or

7

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies them.

**Axel Springer Companies**

18.     Cohere admits that Insider, Inc. ("Business Insider") is a corporation which publishes digital products, and that Exhibit A to the Complaint purports to list works appearing in Business Insider.  The final sentence of Paragraph 18 also states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 and therefore denies them.

19.     Cohere admits that Politico LLC ("Politico") publishes digital products, and that Exhibit A to the Complaint purports to list works appearing in Politico.  The final sentence of Paragraph 19 also states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and therefore denies them.

20.     Cohere admits that Axel Springer SE ("Axel Springer") is a company.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies them.

**Forbes**

21.     Cohere admits that Forbes Media LLC ("Forbes") publishes print and digital products, and that Exhibit A to the Complaint purports to list works appearing in Forbes.  The final sentence of Paragraph 21 also states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the

allegation that it infringed any works. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 and therefore denies them.

**The Guardian**

22.    Cohere admits that Guardian News & Media Limited ("The Guardian") is a corporation which publishes print and digital products, and that Exhibit A to the Complaint purports to list works appearing in the Guardian. The final sentence of Paragraph 22 also states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 and therefore denies them.

**LA Times**

23.    Cohere admits that the Los Angeles Times Communications LLC ("LA Times") publishes print and digital products, and that Exhibit A to the Complaint purports to list works appearing in the Los Angeles Times. The final sentence of Paragraph 23 also states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies them.

**McClatchy**

24.    Cohere admits that The McClatchy Company, LLC ("McClatchy") publishes print and digital products, and that Exhibit A to the Complaint purports to list works appearing in the Miami Herald, the Idaho Statesman, and the Fort Worth Star-Telegram. The final sentence of Paragraph 24 also states conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegation

that it infringed any works.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies them.

**Newsday**

25.     Cohere admits that Newsday, LLC ("Newsday") is a limited liability company which publishes print and digital products, and that Exhibit A to the Complaint purports to list works appearing in Newsday.  The final sentence of Paragraph 25 also states conclusions of law and argument by Plaintiffs for which no response is required.   To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and therefore denies them.

**Torstar**

26.     Cohere admits that Toronto Star Newspapers Limited ("Torstar") is a company which publishes print and digital products, and that Exhibit A to the Complaint purports to list works appearing in the Toronto Star.  The final sentence of Paragraph 26 also states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it infringed any works.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore denies them.

**Vox Media**

73 (sic).     Cohere admits that Vox Media, LLC ("Vox Media") is a company which publishes print and digital products, and that Exhibit A to the Complaint purports to list works appearing in Vox, Vulture, Grub Street, and New York Magazine.  The final sentence of Paragraph 73 also states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that it

infringed any works.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73 and therefore denies them.[1]

**Cohere**

27.    Cohere admits that it is a Canadian company with a principal place of business at 171 John St., Suite 200, Toronto, Ontario.  Cohere further admits that it maintains offices at 755 Sansome St., Fl. 6, San Francisco, California 94111 and at 1 Little West 12th Street, 4th Floor, New York, New York 10014.  Cohere further admits that it employs approximately 63 individuals from the New York address identified in Paragraph 27.

## JURISDICTION AND VENUE

28.    Admitted.

29.    Cohere does not contest jurisdiction and venue in this Court for the purposes of the present action.

30.    Cohere admits that it maintains an office and employs personnel in New York City, some of whom are involved in its AI-related operations, and participates in-person events in New York.  Cohere further admits that it makes available and sells its Command models.  Cohere further admits that it has entered a partnership with Accenture and that LivePerson has used its services.  Cohere denies that it engaged in any unlawful activity in relation to its Command products.  Unless expressly admitted, the remaining allegations in Paragraph 30 are denied.

31.    Cohere lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' principal place of business, business operations, or customers.  Cohere does not contest jurisdiction in this Court for the purposes of this matter.  The remaining allegations in Paragraph 31 state conclusions of law and argument by Plaintiffs for which no

---

[1] Due to an apparent numbering error, there are two paragraph 73s in the Complaint and Cohere has responded to each as they appeared in the Complaint.

response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the remaining allegations of Paragraph 31.

32.     Cohere admits that venue is proper in the Southern District of New York.  Cohere otherwise denies the allegations of Paragraph 32.

## FACTUAL ALLEGATIONS

### I.     Publishers and Their Businesses[2]

33.     Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore denies them.

### A.     The Markets for Publishers' Works

34.     Cohere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them.

35.     Cohere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

36.     Cohere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies them.

37.     Cohere admits that a press release titled "Axel Springer and OpenAI partner to deepen beneficial use of AI in journalism" was published on December 13, 2023 and is available at       https://www.axelspringer.com/en/ax-press-release/axel-springer-and-openai-partner-to-deepen-beneficial-use-of-ai-in-journalism.  Cohere further admits that a press release titled "The Atlantic announces product and content partnership with OpenAI" was published on May 29, 2024 and is available at https://www.theatlantic.com/press-releases/archive/2024/05/atlantic-product-

---

[2] The headings and sub-headings used herein are reproduced as they were used in the Complaint. The reproduction of these headings should not be taken as an admission by Cohere, and to the extent they are intended to convey allegations rather than simply argument, they are denied.

content-partnership-openai/678529. Cohere further admits that an article titled "Why The Atlantic signed a deal with OpenAI" by Nilay Patel was published on July 11, 2024 and is available at https://www.theverge.com/2024/7/11/24196396/the-atlantic-openai-licensing-deal-ai-news-journalism-web-future-decoder-podcasts. Cohere further admits that an article titled "Exclusive: The Atlantic, Vox Media ink licensing, product deals with OpenAI" by Sara Fischer was published on May 29, 2024 and is available at https://www.axios.com/2024/05/29/atlantic-vox-media-openai-licensing-deal. Cohere further admits that a press release titled "OpenAI partners with Condé Nast" was published on August 20, 2024 and is available at https://openai.com/index/conde-nast. Cohere further admits that an article titled "Condé Nast Signs Deal with OpenAI" was published on August 20, 2024 and is available at https://www.wired.com/story/conde-nast-openai-deal. Cohere admits that the language quoted in Paragraph 37 appears in these documents and respectfully refers the Court to the documents. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 and therefore denies them.

38.     Cohere admits that an article titled "Exclusive: Startup ProRata.ai Launches AI Search Engine to Pay Content Creators" by Trishla Ostwal was published on December 9, 2024 and is available at https://www.adweek.com/media/prorata-search-engine. Cohere further admits that an article titled "AI startup Perplexity adds The Independent, LA Times to its publishers' program" was published on December 5, 2024 and is available at https://www.reuters.com/business/media-telecom/ai-startup-perplexity-adds-independent-la-times-its-publishers-program-2024-12-05. Cohere further admits that the quoted language in Paragraph 38 appears in the December 5, 2024 article, and respectfully refers the Court to that document for its content, which speaks for itself. Cohere lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and therefore denies them.

39.    Cohere admits that an article titled "Dow Jones Wins AI Licensing Deals With More Than 4,000 News Outlets" by Trishla Ostwal was published on November 12, 2024 and is available at https://www.adweek.com/media/dow-jones-lands-more-than-4000-ai-licensing-deals-with-news-outlets-like-the-ap. Cohere further admits that an article titled "ChatGPT-maker OpenAI signs deal with AP to license news stories" by Matt O'Brien was published on July 13, 2023and is available at https://apnews.com/article/openai-chatgpt-associated-press-ap-f86f84c5bcc2f3b98074b38521f5f75a. Cohere further admits that an article titled "Google inks deal with The Associated Press to bring more real-time info to Gemini" by Kyle Wiggers was published on January 15, 2025 and is available at https://techcrunch.com/2025/01/15/google-inks-deal-with-the-associated-press-to-bring-more-real-time-info-to-gemini. Cohere further admits that an article titled "OpenAI Inks Deal with Hearst, Marking Another Major Media Partnership" by Winston Cho was published on October 8, 2024 and is available at https://www.hollywoodreporter.com/business/business-news/openai-hearst-1236026980. Cohere further admits that an article titled "OpenAI, WSJ Owner News Corp Strike Content Deal Valued at Over $250 Million" by Alexandra Bruell was last updated on May 22, 2024 and is available at https://www.wsj.com/business/media/openai-news-corp-strike-deal-23f186ba. Cohere further admits that an article titled "OpenAI strikes content deal with Tom's Guide owner Future" by Emma Roth was published on December 4, 2024 and is available at https://www.theverge.com/2024/12/5/24313909/openai-content-deal-toms-guide-future. Cohere further admits that an article titled "Investopedia-owner Dotdash Meredith signs content license deal with OpenAI"  was published on May 7, 2024 and is available at

https://www.reuters.com/markets/deals/investopedia-owner-dotdash-meridith-signs-content-license-deal-with-openai-2024-05-07.  Cohere further admits that an article titled "Meta Platforms to use Reuters news content in AI chatbot" was published on October 25, 2024 and is available https://www.reuters.com/technology/artificial-intelligence/meta-platforms-use-reuters-news-content-ai-chatbot-2024-10-25.  Cohere further admits that an article titled "Mistral signs deal with AFP to offer up-to-date answers in Le Chat" by Romain Dillet was published on January 16, 2025) and is available at https://techcrunch.com/2025/01/16/mistral-signs-deal-with-afp-to-offer-up-to-date-answers-in-le-chat.  Cohere further admits that the quoted language in Paragraph 39 appears in the cited articles, and respectfully refers the Court to these documents for their content, which speaks for themselves.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and therefore denies them.

### B.    Publishers' Copyrights

40.    Cohere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies them.

41.    Paragraph 41 states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them.

### C.    Publishers' Trademarks

42.    Cohere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

43.    The allegations in the first and last sentences of Paragraph 43 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the mark is valid and protectable.

15

Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 and therefore denies them.

44.    The allegations in the first and last sentences of Paragraph 44 state conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the mark is valid and protectable. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and therefore denies them.

45.    The allegations in the second, fourth, and last sentences of Paragraph 45 state conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegation in these sentences. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore denies them.

46.    Cohere further admits that a book titled "In Vogue: An Illustrated History of the World's Most Famous Fashion Magazine" by Norberto Angeletti was published on October 30, 2012. Cohere further admits that an article titled "The Rise and Fall of Facts" by Colin Dickey was published on December 6, 2019 and is available at https://www.cjr.org/special_report/rise-and-fall-of-fact-checking.php. Cohere further admits that the quoted language in the sixth sentence of Paragraph 46 appears in said article, and respectfully refers the Court to that document for its content, which speaks for itself. The allegations in the first and last sentences of Paragraph 46 state conclusions of law and argument by Plaintiffs for which no response is required. To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the marks are valid and protectable. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies them.

47.     The allegations in the first sentence of Paragraph 47 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the marks are valid and protectable.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and therefore denies them.

48.     The allegations in the first and last sentences of Paragraph 48 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the marks are valid and protectable.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 and therefore denies them.

49.     The allegations in the first sentence of Paragraph 49 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the mark is valid and protectable.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies them.

50.     The allegations in the first and last sentences of Paragraph 50 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the mark is valid and protectable. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies them.

51.     The allegations in the first and last sentences of Paragraph 51 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the mark is valid and protectable.

Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore denies them.

52.    The allegations in the first and last sentences of Paragraph 52 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the mark is valid and protectable. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and therefore denies them.

53.    The allegations in the first sentence of Paragraph 53 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the marks are valid and protectable.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and therefore denies them.

54.    The allegations in the first sentence of Paragraph 54 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the mark is valid and protectable.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 and therefore denies them.

55.    The allegations in the first and last sentence of Paragraph 55 state conclusion of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the mark is valid and protectable. Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 and therefore denies them.

56.     The allegations in the first and last sentences of Paragraph 56 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegation that the marks are valid and protectable.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore denies them.

57.     Cohere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

58.     Cohere admits that Exhibit C to the Complaint purports to include various federal trademark registrations listing Advance Local Media, Condé Nast, The Atlantic, Business Insider, Politico, Forbes, The Guardian, LA Times, McClatchy and McClatchy USA, Inc., Newsday and Vox Media as the owners.  Cohere lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 and therefore denies them.

59.     Paragraph 59 states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

## II.     Cohere and Its Business

60.     Admitted.

61.     Cohere admits its Command models include Command R and Command R+, which are trained on text datasets.  Cohere further admits that its Command models can generate text in response to user prompts.  Cohere further admits that the quoted language appears in a section of Cohere's publicly-available guide titled "An Overview of Cohere's Models" which is available at

https://docs.cohere.com/docs/the-cohere-platform.   Cohere respectfully refers the Court to this document.  Except as expressly admitted, Cohere denies the allegations in Paragraph 61.

62.    Cohere admits it used compute clusters and storage located in the United States in training the Command models.  Cohere further admits that to the extent it hosts its services, it does so on servers in the United States.  Except as expressly admitted, Cohere denies the allegations in Paragraph 62.

63.    Cohere admits that it launched Coral, an enterprise chat interface powered by a Command model, in July of 2023.  Cohere further admits that it offers a chat API for text generation.  Except as expressly admitted, Cohere denies the allegations in Paragraph 63.

64.    Cohere admits that it licenses Command models to paying customers and negotiates agreements with customers, including customers who deploy the models on premises.  Cohere further admits that some customers pay for Command models based on the amount of tokens (comprising either a part of a word, entire word, or punctuation) processed by the model.  Except as expressly admitted, Cohere denies the allegations of Paragraph 64.

**A.  Cohere Emphasizes That It Provides the "Latest News"**

65.    Cohere admits that it markets enterprise AI solutions, that it works to reduce the risk of hallucinations or incorrect or inappropriate outputs in response to user prompts, and that its Command models can assist with research and content analysis.  Cohere further admits that its website referred users to Coral, a chat interface which it previously made available to users, as a "knowledge assistant."  Except as expressly admitted, Cohere denies the allegations in Paragraph 65.

66.    Cohere admits that a blog post titled "Introducing Coral, the Knowledge Assistant for Enterprises" was published on Cohere's website on July 25, 2023 and is available at https://cohere.com/blog/introducing-coral.  Cohere further admits that the images in Paragraph 66

are reproductions of an image which appears in said blog post.  Cohere denies Paragraph 66's characterization of said blog post, which omits important context, including the fact that the text of said blog post does not refer to any news reporting function.  Cohere respectfully refers the Court to that document for its content.  Except as expressly admitted, Cohere denies the allegations in Paragraph 66.

        67.    Cohere admits that a blog post titled "Introducing Chat with Retrieval-Augmented Generation (RAG)" was published on Cohere's website on September 28, 2023 and is available at https://cohere.com/blog/chat-with-rag.    Cohere  further  admits  that  the  quoted  language  in Paragraph 67 appears in said blog post.  Cohere denies Paragraph 67's characterization of the content of the blog post, which omits important context.  In context, the blog post states, "Model responses can be generated from information retrieved from the web or your documents, making those responses more relevant, accurate, up-to-date, and verifiable.  For example, a developer building a market research assistant can equip their chat interface with a web search to access the latest news about trends and competitors in their space.  By enabling RAG directly in the Chat API, it's easier than ever before to build products with this capability." Cohere respectfully refers the Court to that document for its content.  Except as expressly admitted, Cohere denies the allegations in Paragraph 67.

        68.    Cohere admits that a blog post titled "The Cohere AI App is available in Slack" was  published  on  Cohere's  website  on  September  16,  2024  and  is  available  at https://cohere.com/blog/slack-cohere-ai-app.  Cohere further admits that the quoted language in Paragraph 68 appears in said blog post.  Cohere denies Paragraph 68's characterization of the content of the blog post, which omits important context.  In context, the blog post states, "In Slack, the Cohere AI app can help you with a wide range of tasks, from drafting copy to querying your

company's content.  It can also search the web to do research, gather relevant data, and keep you

up to date with the latest news.  For example, a user can gather insights directly in Slack by

comparing internal reports to external information from web sources.  The app is designed to

provide you with reliable answers to your questions based on your company's trusted data

sources." Cohere respectfully refers the Court to that document for its content.  Except as expressly

admitted, Cohere denies the allegations in Paragraph 68.

68. Cohere admits that it offers a developer "Playground" that allows developers to

interact with certain Command models.  Cohere admits that it previously offered suggested

prompts in its "Playground," but denies that it currently suggests prompts.  Cohere lacks

knowledge or information sufficient to form a belief as to the complete mechanism by which

Plaintiffs obtained the suggested prompt depicted in Paragraph 69 and therefore denies the

remainder of the allegations in this paragraph.

70. Cohere admits that its Command models do not conduct journalistic research and

that Cohere does not engage in journalism or employ any journalistic staff, as that is not the

purpose of Cohere's products.  Cohere further admits that it strives to protect customer data.

Except as expressly admitted, Cohere denies the allegations of Paragraph 70.

## B.    Cohere's Training of Command and Cohere's RAG Activity

71. Cohere admits that LLMs are a subset of generative AI which generate responses

to user prompts and queries in natural language.  Cohere further admits that LLMs function, at a

high level, based on pattern recognition.  Cohere further admits that development of an LLM

requires a process called training (and more often called pre-training) in which the model is

exposed to large amounts of training data, which is sometimes called a "corpus."  Cohere further

admits that its training corpus for the Command models includes information publicly available

on the internet, some of which Cohere gathered using automated tools, as well as collections

prepared by third parties. Cohere further admits that its Command models were trained on a collection of text assembled by Cohere. Except as expressly admitted, Cohere denies the allegations in Paragraph 71.

72. Cohere admits that it processes text before using it in its training corpus. Cohere further admits that it converts text data into tokens to allow the data to be processed by the LLM. Cohere admits that another step in the process of developing an LLM is further training the model for specific capabilities using both human and non-human feedback. Cohere further admits that it trains its models to prevent the models from generating undesirable content. Cohere further admits that it downloads certain text comprising part of the training corpus for its LLMs. Except as expressly admitted, Cohere denies the allegations in Paragraph 72.

73. Cohere admits that which text makes up the training corpus for an LLM can affect the capabilities and performance of the LLM. Except as expressly admitted, Cohere denies the allegations in Paragraph 73.

74. Paragraph 74 refers to LLMs generally, and Cohere lacks information sufficient to comment on LLMs generally, which may have different qualities and capabilities. Cohere therefore denies the allegations in Paragraph 74.

75. Cohere admits that one capability it trains to improve its models' to be performant in is "retrieval augmented generation," which allows an LLM to draw on external data sources when generating a response to user queries. Cohere further admits that it previously offered a web search connector as a tool on its platform. Cohere further admits that it employs Patrick Lewis ("Dr. Lewis") and Dr. Lewis's field of research includes retrieval-augmented generation. Except as expressly admitted, Cohere denies the allegations in Paragraph 75.

76.    Cohere admits that a social media post titled "Where Enterprise AI is Headed" was published on December 4, 2024 and is available at https://www.linkedin.com/pulse/where-enterprise-ai-headed-aidan-gomez-dznjf/.   Cohere further admits that the quoted language in Paragraph 76 appears in said social media post, and respectfully refers the Court to that document for its content.   Cohere denies the remaining allegations in Paragraph 76.

77.    Cohere admits that it employs RAG as a technique to improve the performance of its LLMs.  Cohere further admits that an article titled "Cohere's Ivan Zhang on Foundation Models, RAG, and Feedback Loops" was published on August 22, 2023 and is available at https://www.madrona.com/cohere-ivan-zhang/.  Cohere further admits that the quoted language in Paragraph 77 appears in said social media post, and respectfully refers the Court to that document for its content.  Except as expressly admitted, Cohere denies the allegations in Paragraph 77.

### C.    Interacting with Command via Cohere's Chat

78.    Cohere admits that customers on its Platform must agree to certain contractual terms and that it asks customers who request a "production key" to disclose if they engage in any "sensitive use cases."  Cohere also admits that it publishes a Usage Policy.  Cohere further admits that its policies and terms prohibit use of its services for deception.  Unless expressly admitted, Cohere denies the allegations in Paragraph 78.

79.    Cohere admits that it once offered a chat interface under the name Coral.  Cohere further admits that it offers a developer "Playground" in which users can interact with some of its LLMs.  Cohere denies the remaining allegations in Paragraph 79.

80.    Cohere admits that it offers a developer "Playground" in which users can interact with its LLMs.  Cohere further admits that the "Playground" previously included a feature called "Under the Hood."  Cohere denies the remaining allegations in Paragraph 80.

81.    Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the view shown in Paragraph 81 and therefore denies the allegations contained in this paragraph.

### III.    Cohere's Infringement of Publishers' Copyrighted Works

82.    Cohere denies that its LLMs embody unauthorized copies or derivatives of Plaintiffs' copyrighted works or any works identified in Exhibit A in the Complaint.  The final two sentences of Paragraph 82 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegations of Paragraph 82.

### A.    Copying During Training

83.    Cohere denies that its LLMs embody unauthorized copies or derivatives of Plaintiffs' copyrighted works.  Cohere admits that an article titled "OpenAI rival Cohere launches language model API" by Kyle Wiggers was published on November 15, 2021 and is available at https://venturebeat.com/uncategorized/openai-rival-cohere-launches-language-model-api. Cohere further admits that said article attributes a statement to Mr. Gomez regarding the use of scraping to gather text for training Cohere's models, including ebooks and the web pages identified in Paragraph 83.  Cohere respectfully refers the court to the document for its content.  Cohere admits that at least some data from Common Crawl was used in connection with training certain of the Command models.  Cohere denies the remaining allegations of Paragraph 83.

84.    Cohere admits that the Common Crawl Foundation is a nonprofit organization. Cohere lacks knowledge or sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 84 and therefore denies them.

85.    Cohere lacks knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies them.

86.    Cohere admits it obtains some of the text used to train its Command models by using automated tools to gather data from web pages.  Except as expressly admitted, Cohere denies the allegations of Paragraph 86.

87.    Denied.

88.    The first two sentences of Paragraph 88 state conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the allegations in the first two sentences of Paragraph 88.  Cohere admits that an article titled "AI will make money sooner than you'd think says Cohere CEO Aidan Gomez" by Nilay Patel was published on The Verge website on June 10, 2024, and is available at https://www.theverge.com/24173858/ai-cohere-aidan-gomez-money-revenue-llm-transformers-enterprise-stochastic-parrot.  Cohere further admits that the quoted language in Paragraph 88 appears in said article and respectfully refers the Court to that document for its content.  Cohere further admits that it has not paid Plaintiffs for access to their written works or obtained an express license to use Plaintiffs' works.  Except as expressly admitted, Cohere denies the allegations in Paragraph 88.

89.    Cohere admits that it curates the content in its datasets.  Except as expressly admitted, Cohere denies the allegations in Paragraph 89.

90.    Cohere admits that it controls the development of its Command models and that it scraped a portion of that data from publicly available webpages.  Cohere admits that it has received a cease-and-desist letter from some of the Plaintiffs.  Except as expressly admitted, Cohere denies the allegations in Paragraph 90.

**B.      Reproduction, Distribution and Display of Works Used in Training**

91.     Denied.

92.     Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works.  Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the output and metadata shown in Paragraph 92 or Exhibit B and therefore denies the allegations contained in this paragraph.

93.     Denied.

**C.      Reproduction, Distribution, and Display of Newer Works**

94.     Cohere admits that an article titled "L.A. fashion brand and celeb favorite L'Agence is in major growth mode" by Andrea Chang was published on October 2, 2024 and is available at https://www.latimes.com/business/story/2024-10-02/fashion-brand-lagence-expands.      Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works.  Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the output shown in Paragraph 94 or Exhibit B and therefore denies the remaining allegations contained in this paragraph.

95.     Cohere admits that an article titled "As budget strains grow, Miami-Dade mayor pulls back on future transit funding" by Douglas Hanks was published on September 5, 2024 and is     available     at     https://www.miamiherald.com/news/local/community/miami-dade/article291916500.html.  Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works.  Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the output shown in Paragraph 95 or Exhibit B and therefore denies the remaining allegations contained in this paragraph.

96.     Denied.

97.     Denied.

98.     Cohere admits that it controls the development of its Command models, previously offered a web search connector as a tool on its platform, and makes certain guardrails available for its LLMs.  Except as expressly admitted, Cohere denies the allegations of Paragraph 98.

99.     Cohere admits that an article titled "Disney's CEO plan sparks speculation on what the drawn-out Bob Iger succession means" by Lucia Moses was published on October 22, 2024 and is available at https://www.businessinsider.com/disney-bob-iger-ceo-succession-plan-questions-2024-10.  Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works.  Cohere lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 99, including as to the complete mechanism by which Plaintiffs obtained the output and metadata shown in Paragraph 99 or Exhibit B and therefore denies the remaining allegations contained in this paragraph.

100.    Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the output described in Paragraph 100 or Exhibit B and therefore denies the allegations contained in this paragraph.

### D.     Unauthorized Distribution and Display of Substitutive Summaries

101.    Denied.

102.    Cohere admits that an article titled "Portland Public Schools quietly adopts rule barring teachers from 'political or personal' classroom displays" by Julia Silverman was published on September 16, 2024 and is available at https://www.oregonlive.com/education/2024/09/portland-public-schools-quietly-adopts-policy-barring-teachers-from-political-or-personal-classroom-displays.html.  Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works.  Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the view shown in

Paragraph 103 and therefore denies the allegations contained in Paragraph 102 to the extent they reference Paragraph 103. Except as expressly admitted, Cohere denies the remaining allegations in this Paragraph.

103. Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works. Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the view shown in Paragraph 103 therefore denies the allegations contained in this paragraph.

104. Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works. Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the output shown in Paragraph 104 or Exhibit B and therefore denies the allegations contained in this paragraph.

105. Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works. Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the output shown in Paragraph 105 or Exhibit B and therefore denies the allegations contained in this paragraph.

106. Denied.

107. Cohere admits that an article titled "Ticketmaster pauses transfer of Taylor Swift's Eras tickets amid reports of hacks and theft" by Abhiraj Lamba was updated on November 4, 2024 and is available at https://www.thestar.com/entertainment/music/ticketmaster-pauses-transfer-of-taylor-swift-s-eras-tickets-amid-reports-of-hacks-and-theft/article_346abe6c-8385-11ef-b0c3-1315318860b3.html. Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works. Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the output shown in

Paragraph 107 or Exhibit B and therefore denies the remaining allegations contained in this paragraph.

108.    Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works.  Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the output shown in Paragraph 108, including each of its subparts, or Exhibit B and therefore denies the allegations contained in this paragraph.

109.    Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works.  Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the view shown in Paragraph 109 and therefore denies the allegations contained in this paragraph.

110.    Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works.  Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the output described in Paragraph 110 and therefore denies the allegations contained in this paragraph.

111.    Denied.

112.    Denied.

113.    Denied.

### E.    Cohere Disregards Robots.txt

114.    Cohere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114 and therefore denies them.

115.    Cohere admits that an article titled "Meet the Fintech Startup Powering The Cannabis Industry" was published in *Forbes* in October 2024.  Cohere denies that it copied this article while ignoring "do not crawl" instructions in a robot.txt file.  Cohere further denies that its

LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works. Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the output shown in Paragraph 115 and therefore denies the remaining allegations contained in this paragraph.

116.    Cohere lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have taken any steps to attempt to block Cohere's access and therefore denies that allegation.  Cohere denies that its LLMs embody or output unauthorized copies or derivatives of Plaintiffs' copyrighted works.  Cohere further denies the remaining allegations in Paragraph 116.

117.    Paragraph 117 calls for a legal conclusion to which no response is necessary.  To the extent a response is deemed necessary, Cohere lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiffs obtained the outputs shown in Exhibit B and therefore denies the allegations contained in this paragraph.

## IV.    Cohere's Infringement of Publishers' Trademarks

118.    Cohere admits that it previously offered a chat interface referred to as "Coral." Cohere admits that Coral at a certain point included a web search tool that could be turned on or off.  Cohere further admits that users may have chosen to use Coral without web search for various reasons.  Cohere denies the remaining allegations in this paragraph.

119.    Cohere admits that *The Guardian* published an article on October 7, 2024, titled "'The pain will never leave': Nova massacre survivors return to site one year on." Cohere lacks knowledge or information sufficient to form a belief as to the mechanism by which Plaintiffs obtained the output shown in Paragraph 119 and therefore denies the remaining allegations in that paragraph.

120.     Cohere lacks knowledge or information sufficient to form a belief as to the allegations contained in the first and last sentences of Paragraph 120 and therefore denies them. The second sentence of Paragraph 120 states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies that its conduct causes or has the potential to cause reputational harm to Publishers' trademarked names.

121.     The first sentence of Paragraph 121 states a legal argument to which no response is necessary.  To the extent a response is nonetheless deemed necessary, Cohere admits that it markets and licenses its AI products to prospective and current customers and otherwise denies the allegations in the first sentence of Paragraph 121.  With respect to the second sentence of Paragraph 121, Cohere admits that it is aware of the risk of hallucinations associated with generative LLMs.  The final sentence of Paragraph 121 states a legal argument to which no response is necessary.  To the extent a response is deemed necessary, Cohere denies the allegations in that sentence.

## V.     Cohere Profits from Its Misconduct

122.     Cohere admits that it has raised hundreds of millions of dollars in funding and is valued at least at $5.5 billion.  The remainder of Paragraph 122 is argument to which no response is required.  To the extent a response is nonetheless deemed necessary, Cohere denies the remaining allegations in Paragraph 122.

123.     Cohere admits that it generally charges businesses with a production API key on its Platform on a token-based pay-as-you-go basis.  Cohere further admits that the amount due for pay-as-you-go customers is calculated based on input tokens and output tokens.  The third and fourth sentences of Paragraph 123 contain legal argument to which no response is required.  To

the extent a response is deemed necessary, Cohere admits that it also uses other pricing models but denies that its products infringe Publishers' works.

124.    Denied.

**VI.    Harm to Publishers**

125.    Cohere lacks knowledge or information sufficient to form a belief as to allegations in the first two sentences of Paragraph 125 and therefore denies them.  Cohere further denies that it usurped Publishers' works to build Command or that it delivers Publishers' articles to customers.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Cohere denies that it has committed any misconduct or that its conduct has harmed Publishers.  Cohere lacks knowledge or information sufficient to form a belief as to whether Publishers sometimes update or correct articles and therefore denies that allegation.  Cohere otherwise denies the allegations contained in Paragraph 129.

130.    Denied.

131.    Cohere lacks knowledge or information sufficient to form a belief as to whether Publishers have licensed their content to AI companies and therefore denies that allegation. Cohere otherwise denies the allegations contained in Paragraph 131.

132.    Denied.

## CAUSES OF ACTION

### COUNT I: Direct Copyright Infringement (17 U.S.C. § 501)

133.    Cohere realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

33

134.    Denied.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

## COUNT II: Secondary Copyright Infringement

140.    Cohere realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Cohere lacks knowledge or information sufficient to form a belief as to the copyright ownership of the written works listed in Exhibit A and therefore denies that allegation. Cohere further denies that it has secondarily infringed Publishers' written works.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

## COUNT III: Trademark Infringement
### Lanham Act § 32, 15 U.S.C. § 1114

153.    Cohere realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

154.    Cohere lacks knowledge or information sufficient to form a belief as to the ownership of the trademarks listed in Exhibit C and therefore denies the allegations in Paragraph 154.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

## COUNT IV: False Designation of Origin
### Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)

160.    Cohere realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

161.    Cohere lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 161 and therefore denies them.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

## PRAYER FOR RELIEF

Cohere denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to the relief sought in the section of the Complaint titled "Prayer for Relief." To the extent that this section contains any allegations requiring a response, Cohere denies them.

## JURY DEMAND

Cohere hereby demands a trial by jury on all claims, defenses, and issues in this action so triable.

## DEFENSES

In addition to the above, Cohere asserts the following defenses. Each defense is asserted as to all claims for relief against Cohere, unless otherwise noted. By setting forth these defenses, Cohere does not concede that these are affirmative defenses and does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiffs. Further, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations. Cohere reserves the right to amend its Answer as additional information becomes available and to assert additional defenses to the extent such defenses are or become applicable.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs' claims fail, in whole or in part, because the Complaint, and each purported cause of action therein, fails to state a claim upon which relief may be granted and/or to state facts sufficient to constitute a claim for relief against Cohere.

## SECOND DEFENSE
### (Fair Use)

Plaintiffs' claims fail, in whole or in part, because any unauthorized copies of Plaintiffs' copyrighted works made for the purposes described in the Complaint constitute fair use under 17 U.S.C. § 107.

## THIRD DEFENSE
### (Substantial Noninfringing Uses)

Plaintiffs' claims fail, in whole or in part, because all of the models accused of infringement, and all of Cohere's generative AI products and services offered in connection with those models that are accused of infringement, are capable of substantial noninfringing uses.

## FOURTH DEFENSE
### (Works or Elements of Works Not Protected by Copyright)

Plaintiffs' claims fail, in whole or in part, to the extent they claim rights to elements of works or to works which are not protectable under copyright law, such as under the doctrines of *scènes à faire*, merger, or under 17 U.S.C. § 102(b), or that are in the public domain, lack the requisite originality, are unregistered, or are works to which copyright protection has been abandoned.

## FIFTH DEFENSE
### (Invalid Ownership / Lack of Ownership)

Plaintiffs' claims fail, in whole or in part, to the extent they assert copyrights that they do not own or exclusively license in the first instance, including but not limited to purported copyrights in individual newspaper articles, and/or in the full scope of their collective works.

## SIXTH DEFENSE
### (Lack of Standing)

Plaintiffs' claims fail, in whole or in part, because they lack standing to bring suit and assert copyrights in any works that they do not own or exclusively license, including pursuant to 17 U.S.C. § 501(b).

### SEVENTH DEFENSE
**(DMCA Safe Harbor)**

Plaintiffs' claims fail, in whole or in part, because they are barred by the safe harbor provisions of the Digital Millenium Copyright Act, 17 U.S.C. § 512(a)-(d).

### EIGHTH DEFENSE
**(De Minimis Copying or Use)**

Plaintiffs' claims fail, in whole or in part, because they are barred by the doctrine of *de minimis* copying or use.

### NINTH DEFENSE
**(Acts of Third Parties)**

Plaintiffs' claims fail, in whole or in part, because any reproduction, distribution, or display of any allegedly infringing outputs, or copies allegedly made in the generative search process, were caused by the acts or omissions of other persons or entities for whose conduct Cohere is not legally responsible.

### TENTH DEFENSE
**(Lack of Injury)**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs have not suffered and are not likely to suffer any injury or damages as a result of the conduct alleged of Cohere in the Complaint.

### ELEVENTH DEFENSE
**(Unavailability of Injunctive Relief)**

Plaintiffs' claims fail, in whole or in part, because Plaintiffs are not entitled to injunctive relief (temporarily, preliminarily, or permanently), including because any injury to them is not

38

immediate or irreparable, Plaintiffs would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

## TWELFTH DEFENSE
### (Unconstitutional Damages)

Plaintiffs seek improper damages in violation of the United States Constitution and other applicable law. Any award of statutory or enhanced damages would constitute an unconstitutional penalty under the circumstances of this case and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the United States Constitution.

## THIRTEENTH DEFENSE
### (Unclean Hands)

Plaintiffs' claims fail, in whole or in part, because Plaintiffs engaged in inequitable conduct in generating and alleging the outputs described in the Complaint.

## FOURTEENTH DEFENSE
### (Trademark Fair Use)

Plaintiffs' claims as to their alleged trademarks fail, in whole or in part, because Plaintiffs' claims are barred by the doctrine of fair use, including pursuant to 15 U.S.C. § 1115(b)(4).

## FIFTEENTH DEFENSE
### (Lack of Fame, Inherent Distinctiveness, and/or Secondary Meaning)

Plaintiffs' claims as to their alleged trademarks fail, in whole or in part, because Plaintiffs' alleged trademarks are not famous, or inherently distinctive, and have not acquired secondary meaning.

## SIXTEENTH DEFENSE
### (No Trademark Use)

Plaintiffs' claims as to their alleged trademarks fail, in whole or in part, because Plaintiffs' allegations do not demonstrate a cognizable trademark use.

## SEVENTEENTH DEFENSE
### (Extraterritoriality)

Plaintiffs' claims are barred, in whole or in part, because the alleged infringing acts occurred entirely outside the territorial boundaries of the United States and the U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*, has no extraterritorial effect.

## RESERVATION OF ADDITIONAL DEFENSES

Cohere's investigation of the claims and defenses is continuing.  Cohere reserves the right to assert additional defenses, such as through amendment of its Answer, that may develop through discovery in this action or otherwise.

## REQUEST FOR RELIEF

Therefore, Cohere respectfully requests that this Court:

1.  Enter judgment in Cohere's favor and against Plaintiffs;

2.  Dismiss all claims by Plaintiffs with prejudice;

3.  Award Cohere its costs of suit;

4.  Award Cohere its attorneys' fees to the extent permitted by law; and

5.  Grant Cohere such other and further relief as this Court deems just and proper.

Dated: December 5, 2025

Respectfully Submitted,

By:      */s/ R. David Hosp*

Christopher J. Cariello (SBN 5176821)
ccariello@orrick.com
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
+1 212 506 5000
+1 212 506 5151

Annette L. Hurst (admitted *pro hac vice*)
ahurst@orrick.com
Orrick, Herrington & Sutcliffe LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
+1 415 773 5700
+1 415 773 5759

Amanda Lack (admitted *pro hac vice*)
alack@orrick.com
Orrick, Herrington & Sutcliffe LLP
353 N. Clark St., Suite 3600
Chicago, IL 60654
+1 312 924 9800
+1 312 924 9899

R. David Hosp (SBN 2713550)
dhosp@orrick.com
Laura Najemy (admitted *pro hac vice*)
lnajemy@orrick.com
Sheryl Garko (admitted *pro hac vice*)
sgarko@orrick.com
Mark Puzella (admitted *pro hac vice*)
mpuzella@orrick.com
Orrick, Herrington & Sutcliffe LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116-3740
+1 617 880 1800
+1 617 880 1801

Geoffrey Moss (admitted *pro hac vice*)
gmoss@orrick.com
Avery Cartwright (admitted *pro hac vice*)
acartwright@orrick.com
Orrick, Herrington & Sutcliffe LLP
355 South Grand Avenue, Suite 2700
Los Angeles, CA 90071-1596
+1 213 629 2020
+1 213 612 2499

*Counsel for Defendant Cohere Inc.*

41