**O+Z** | Oppenheim
\+ Zebrak, LLP

W A S H I N G T O N – N E W  Y O R K

February 10, 2026

**Scott Zebrak**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Tel. (202) 450-3758
scott@oandzlaw.com

<u>**VIA ECF**</u>

The Honorable Judge Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Advance Local Media LLC, et al. v. Cohere Inc.*, Case No. 1:25-cv-1305-CM-SN

Dear Judge McMahon:

We represent plaintiffs in the above referenced matter. We write to respectfully request, pursuant to Section V.B of Your Honor's Individual Practices and Procedures, an order of reference to Magistrate Judge Sarah Netburn to address and resolve an outstanding discovery dispute with Defendant regarding its failure to produce the non-custodial documents it has committed to produce. Once the order of reference is entered, Plaintiffs intend to file a letter motion pursuant to Magistrate Judge Netburn's Individual Practices.

Plaintiffs in this action are leading news, magazine, and digital media publishers. They sued Defendant Cohere, an AI company. Plaintiffs filed the Complaint on February 13, 2025, alleging Cohere's copyright and trademark violations in connection with its large language models, known as the "Command Models." (Doc. 1). On November 13, 2025, the Court issued a decision and order denying Defendant's partial motion to dismiss. (Doc. 59)

Plaintiffs served Defendant with requests for production in early July 2025 and have been conferring and following up with Defendant consistently since August 2025. A year into this lawsuit, Defendant has made *a single* document production. On December 31, 2025, Defendant produced a massive set of data identifying and/or comprising content Defendant used to train the Command Models. But that's it. Nothing else. In a conferral on January 26, 2026, Plaintiffs made clear that the current course cannot continue, and that Plaintiffs intended to seek the Court's intervention absent immediate progress. Since then, Defendant has produced nothing.

Month after month, Defendant represents that it is diligently working on collecting and producing documents and that it expects to make productions soon. But rather than produce documents on a rolling basis, Defendant hasn't produced a single document apart from training data. Defendant's assurances without timely follow up are of little solace. Plaintiffs are concerned about a document dump late in discovery that denies Plaintiffs the time they should have to prepare their case and move from document discovery into depositions. With fact discovery set to close on May 15, 2026, (Doc. 66), Plaintiffs cannot wait any longer to ask the Court to intervene.

**O+Z** Oppenheim
+ Zebrak, LLP

W A S H I N G T O N – N E W   Y O R K

Plaintiffs request Defendant be directed to proceed with its production of non-custodial documents that it committed to produce without further delay. In addition, Plaintiffs are currently aware of one related issue concerning scope that requires resolution. Namely, Defendant agreed to search for and produce user logs and related documents depicting use of the Command Models not just with Plaintiffs' articles but rather also with other news, magazine, or digital media content. However, Defendant is now attempting to walk that back, to something that is narrower and unacceptable, by limiting its production to records showing use of the Command Models with Plaintiffs' articles. By refusing to follow through with the broader search that it committed to, Defendant seeks to withhold evidence directly relevant to the important issue of market dilution (i.e., the Command Models providing outputs that compete with Plaintiffs' articles, after Defendant used Plaintiffs' articles to build its Command Models). The discovery is also relevant to Defendant's business model and financial incentives, as well as to rebut Defendant's argument that the Command Models are not used for news, magazine, or digital media content.

Plaintiffs appreciate the Court's consideration of this matter.

Respectfully submitted,

Scott A. Zebrak

*Counsel for Plaintiffs*

cc: Counsel of Record (by ECF)