**O+Z | Oppenheim + Zebrak, LLP**

WASHINGTON – NEW YORK

March 10, 2026

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 20D
New York, NY 10007

**Scott Zebrak**
461 Fifth Avenue, 19th Floor
New York, NY 10017
Tel. (202) 450-3758
scott@oandzlaw.com

Re: *Advance Local Media LLC, et al. v. Cohere Inc.*, Case No. 1:25-cv-1305-CM-SN

Dear Magistrate Judge Wang:

On behalf of all parties in the above-referenced action and pursuant to the Court's March 4th Scheduling Order, ECF Nos. 80, 82, counsel for Plaintiffs hereby submit this joint status report and agenda for the in-person status conference scheduled for March 11, 2026.

### I.   Background

Plaintiffs' motion, ECF Nos. 70 and 72, raised two discovery disputes: (i) Defendant's production of non-custodial documents; and (ii) the scope and implementation of Defendant's production of user logs.

Prior to Plaintiffs' letter request to Judge McMahon on February 10, 2026 seeking an order of reference, ECF No. 70, the parties had met and conferred on numerous occasions with respect to the two discovery disputes before the Court.

Since February 10, 2026:

1. On February 10, 2026, upon filing a request for order of reference from Judge McMahon, Plaintiffs emailed Defendant to indicate their availability for continued dialogue on these disputes.

2. After Defendant filed its response letter on February 18, 2026, ECF No. 73, Plaintiffs emailed Defendant on February 23, 2026 to discuss the issue of the scope and implementation of its search of user logs, including the status of preservation efforts.

3. Defendant responded on March 2, 2026 to address how it has approached its search of user logs and requesting that Plaintiffs send revised proposed search terms.

O+Z | Oppenheim + Zebrak, LLP

WASHINGTON – NEW YORK

4. On March 3, 2026, Plaintiffs emailed Defendant requesting information related to how Defendant had implemented its search of user logs, as well as its preservation of logs.

5. On March 9, 2026, shortly before the parties met and conferred to discuss both issues in dispute, Plaintiffs sent Defendant an updated proposal on search terms for user logs. During the parties' meet and confer, Defendant requested a list of documents that they believe are non-custodial documents for easy production (*i.e.*, "go-gets") so that Defendant can confirm and prioritize review and production of the same.

## II. Status of Defendant's Document Production

Prior to Plaintiffs' bringing this dispute to Judge McMahon, Defendant had made one production on December 31, 2025, consisting of roughly 860 GB (compressed) of training data. Since Plaintiffs filed their letter motion, Defendant has produced certain user log data totaling approximately 8 GB regarding Plaintiffs' publications and web domains and 349 documents (both custodial and non-custodial) to date.

Defendant's production of 349 documents breaks down as follows: (a) 48 documents consisting of organizational and corporate structure charts as well as information regarding the Command Models from Cohere's website, produced on February 10th; (b) 240 documents consisting of custodial and non-custodial documents, including non-custodial financials, valuations, and internal Cohere documents regarding the Command Models, produced on March 3rd; and (c) 61 non-custodial documents, concerning Cohere's procurement of data for the Command Models, produced on March 6th. Defendant continues to review both custodial and non-custodial documents responsive to search terms and expects continued rolling productions over the coming weeks.

## III. Joint Agenda

As to the first part of Plaintiffs' motion, Plaintiffs continue to believe that Defendant's production of non-custodial documents to date is insufficient. However, Defendant has represented that it will make prompt, meaningful, and substantial productions on a rolling basis. Defendant has further indicated that it will prioritize areas of particular importance to Plaintiffs following confirmation of the same by Plaintiffs. Based on those representations to Plaintiffs and the Court, unless the Court has any questions, the parties consider this issue resolved for the time being.

The second part of Plaintiffs' motion, *i.e.*, the scope and implementation of Defendant's production of user logs, ECF Nos. 72 and 73, remains at issue. The parties are continuing negotiations but the issues are unresolved.

Respectfully submitted,

O+Z | Oppenheim + Zebrak, LLP

WASHINGTON – NEW YORK

*[signature]*

**Scott A. Zebrak**

*Counsel for Plaintiffs*

**cc: Counsel of Record (by ECF)**