March 27, 2026

**Via ECF**

The Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Advance Local Media LLC, et al. v. Cohere Inc.*, No. 25-cv-1305 (S.D.N.Y.)

Dear Judge Wang:

Pursuant to the Court's March 12 post-conference order (Dkt. 84), Advance Local Media LLC, et al. ("Plaintiffs") and Cohere Inc. ("Defendant") (together, the "Parties") write to provide a discovery status update. Plaintiffs prepared Sections I.A, II.A and III.A. Defendant prepared Sections I.B, II.B, and III.B. The Parties jointly submit Section IV.

## I. Discovery Progress

### A. Plaintiffs' Productions

Plaintiffs have made document productions each month, starting in November 2025 and continuing through this month, totaling nearly 16,900 documents. In March 2026, Plaintiffs made four productions covering a broad scope of documents including license agreements, website controls, and metrics and reports on pricing, subscription, and circulation figures. Earlier productions have included: documents depicting Plaintiffs' ownership in the copyrighted works and trademarks in suit; copies of the works in suit; infringement evidence from Plaintiffs' pre-litigation investigation, including prompts and outputs from Defendant's systems; records regarding Plaintiffs' trademark enforcement efforts; and editorial and brand guidelines.

Next month, Plaintiffs intend to produce additional license agreements, financial and advertising data, and more documents in the categories identified above. In addition, following extensive back and forth, Defendant has recently signed off on the search terms Plaintiffs will use for custodial documents. Accordingly, with those terms agreed to as of March 19, Plaintiffs are now able to move forward with their review and production of custodial documents for their disclosed custodians, which is already underway. This month, Defendant requested that Plaintiffs include three individuals as additional custodians, which Plaintiffs have already agreed to do.

### B. Defendant's Productions

Defendant has made seven productions to date, which have included both custodial and non-custodial documents as well as data. Prior to March, Defendant served the following productions:

- On December 31, 2025, Cohere produced training data;

- On February 10, 2026, Cohere produced non-custodial documents;

- On February 13, 2026, Cohere produced log data.

Collectively, the productions referenced above amount to several terabytes of data.

During the month of March, Defendant made several additional custodial and noncustodial productions:

- On March 3, 2026, Defendant produced approximately 240 custodial and non-custodial documents (roughly 2,225 pages);

- On March 6, 2026, Defendant produced 61 non-custodial documents (roughly 402 pages);

- On March 10 and 12, 2026, Defendant produced additional log data;

- On March 18, 2026, Defendant produced approximately 1,370 additional custodial documents (constituting roughly 6,438 pages).

Defendant continues to review both custodial and non-custodial documents responsive to the agreed-upon RFPs, including Plaintiffs' specified non-custodial requests (some of which have required notice to third parties, which is in progress) and expects continued rolling productions over the coming weeks. Defendant is also identifying whether productions of any additional data and log sources are necessary.

The parties continue to meet and confer regarding the possible addition of custodians on both sides, and that issue remains under discussion.

## II. **Discovery that still remains**

### A. **Plaintiffs' Discovery Requests**

The parties have agreed that Defendant will search its user log records both for Plaintiffs' URLs and Plaintiffs' mastheads and for use of news / magazine content generally. That search and production is underway but not yet completed. Plaintiffs have asked Defendant to address problems with its production and explain how it is implementing its searches. These issues remain outstanding.

Defendant's first material document productions, outside of training and user log data, were in March 2026. Plaintiffs are actively reviewing these materials, along with the training and

user log data, and expect substantial additional document production from Defendant. Plaintiffs intend to follow up as necessary.

Plaintiffs intend to inspect source code and are working with Defendant on finalizing the inspection protocol and scheduling the inspection. Plaintiffs may need to inspect other materials including training data sources not included in Cohere's training data production.

Plaintiffs plan to pursue certain third-party discovery and are assessing its scope.

### B. Defendant's Discovery Requests

The parties recently reached agreement on the search terms and custodians Plaintiffs will initially use to complete their review and production of custodial documents in response to Defendant's requests for production.  Defendant, however, has reserved all rights to seek additional search terms and/or custodians if Plaintiffs' production of custodial documents is inadequate.

Defendant is actively reviewing Plaintiffs' productions and expects Plaintiffs to make substantial document productions in the future, including their first set of custodial document productions.  Defendant will follow up as necessary.

Defendant is considering third-party discovery.

### III. Current or Possible Disputes

#### A. Plaintiffs' Issues

The issues discussed above concerning Defendant's production of user log data may mature into a dispute. This is core discovery that impacts multiple workflows and needs to be completed.

There are concerns about Defendant's preservation of user logs that may also mature into a dispute. The parties have been discussing user logs for quite some time. Defendant has not yet explained its approach to preservation in this area. It appears Defendant may have preserved full user log data for only January 2026 (and potentially some of December 2025). With respect to any earlier period, Defendant may have preserved only partial user log data.

Finally, Plaintiffs have requested that Defendant add two custodians, given their roles in data acquisition (incl. licensing strategy) and data annotation. Defendant has not yet confirmed it will include them.

#### B. Defendant's Issues

The parties met and conferred on March 16, 2026, regarding disputes surrounding Defendant's outstanding requests for production to Plaintiffs. The parties have reached an impasse with respect to certain categories of requests for production, including requests concerning Plaintiffs' copyright enforcement practices, Plaintiffs' uses of artificial intelligence, and communications relating to Plaintiffs' licensing agreements (including drafts of those agreements). Defendant anticipates moving to compel production of at least some of these categories of documents for which the parties have reached impasse.

The parties are continuing to work through their remaining disputes concerning Defendant's requests for production and are hopeful they will reach consensus shortly. To the extent the parties are unable to resolve these issues, they may seek the Court's assistance.

Additionally, Defendant has reserved rights to raise disputes regarding the adequacy of Plaintiffs' productions based on Plaintiffs' rejections of certain search terms that Defendant believed were necessary to ensure a fulsome response to its requests. Once Defendant begins to receive Plaintiffs' custodial productions, it will be able to best assess whether a dispute continues to exist here.

### IV. Joint Update – Case Schedule

As Defendant raised with the Court in the discovery conference on March 11, 2026, discovery has moved more slowly than anticipated, including with respect to these complex data issues and negotiations regarding search terms as referenced above. As a result, this case necessitates additional time for fact discovery. This would allow time for the full resolution of present discovery issues as well as review and production of documents responsive to outstanding document requests, and the scheduling and conducting of depositions. The parties are exchanging proposals for a request to modify the scheduling order, which they intend to finalize and submit promptly for the Court's consideration.

Respectfully submitted,

| | |
|---|---|
| **Oppenheim + Zebrak, LLP** | **Orrick, Herrington & Sutcliffe LLP** |
| */s/ Scott A. Zebrak* | */s/ R. David Hosp*_____ |
| Scott A. Zebrak | R. David Hosp |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |