April 24, 2026

**Via ECF**

The Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Advance Local Media LLC, et al. v. Cohere Inc.*, No. 25-cv-1305 (S.D.N.Y.)

Dear Judge Wang:

Pursuant to the Court's March 12 post-conference order (Dkt. 84), and the Revised Civil Case Management Plan entered by the Court on April 1, 2026 (Dkt. 89), Advance Local Media LLC, et al. ("Plaintiffs") and Cohere Inc. ("Defendant") (together, the "Parties") write to provide a discovery status update. Plaintiffs prepared Sections I.A, II.A and III.A. Defendant prepared Sections I.B, II.B, and III.B.

## I.   Discovery Progress

### A.   Plaintiffs' Productions

Plaintiffs have made document productions each month, starting in November 2025 and continuing through this month, totaling nearly 18,394 documents.

Since obtaining Defendant's agreement on search terms in March, Plaintiffs have been actively reviewing custodial documents. In April 2026, Plaintiffs made its first custodial document production. This month, Plaintiffs made two additional non-custodial productions that include financial reports; editorial revenue and expense figures; copyright license agreements; trademark license agreements; brand surveys and analyses of brand reputation; author agreements and related ownership information; advertising documents; subscription conversion statistics; web traffic statistics; and referrer reports. Categories of documents included in Plaintiffs' earlier productions are outlined in the parties' March letter (Dkt. 87).

Next month, Plaintiffs intend to produce additional license agreements, several custodial productions, and non-custodial documents in the categories identified above.

### B.   Defendant's Productions

Since the Parties' March 27, 2026, Joint Letter, Defendant has made two additional productions, bringing Defendant's total to nine productions. Collectively, Defendant's productions to date encompass several terabytes of training and user log data, and approximately 1,800

custodial and non-custodial documents, comprised of roughly 10,000 pages of material. Specifically for the month of April, Defendant's productions were as follows:

- On April 7, 2026, Defendant produced approximately 80 custodial documents (roughly 500 additional pages); and

- On April 9, 2026, Cohere produced a hard drive containing 1.3 terabytes of log data in compressed .zip files.

Details regarding Defendant's earlier productions are outlined in the Parties' March letter (Dkt. 87). Defendant continues to review both custodial and non-custodial documents responsive to the Plaintiffs' agreed-upon RFPs. Defendant is preparing to produce the lion's share of its remaining custodial and non-custodial documents, which will include responsive Slack correspondence (both from custodians and non-custodial channels), documents from two recently added custodians (which Defendant included per Plaintiffs' request, for a total of 13 custodians), and non-custodial documents from Cohere's Google space, Notion instance, and other repositories that may contain responsive information. Defendant anticipates beginning rolling productions of this information by the end of next week and to continue these rolling productions through the end of May. Defendant plans to produce its privilege log following completion of its document productions.

Notably, Defendant continues to search non-custodial sources for documents responsive to Plaintiffs' requests and anticipates future additional productions of non-custodial documents. However, Defendant continues to believe that many of the documents Plaintiffs have identified as "non-custodial" have been—or will be—addressed in custodial productions as well.

Finally, Defendant is in discussions with Plaintiffs regarding production of additional user log data, which Defendant has proposed accomplishing by random sampling in line with case law reflecting that such sampling is an acceptable method for managing voluminous data in AI-focused cases.

## II. **Discovery Remaining**

### A. **Plaintiffs' Discovery Requests**

Plaintiffs are actively reviewing Defendant's produced materials and expect substantial additional document production from Defendant, both non-custodial and custodial. To date, Defendant has produced a total of only 1,795 documents, plus certain training and user log datasets.

In advance of the March 11 conference with the Court, concerning Plaintiffs' letter motion from the prior month, Defendant asked Plaintiffs for a list of areas they anticipate Defendant is likely to have non-custodial documents. Plaintiffs provided the list and identified areas to prioritize. To date, most of the categories remain unaddressed. Plaintiffs look forward to receiving the discovery.

There are several areas in which Defendant has not yet produced documents and has shifted its positions.

- Since December 2025, Defendant's positions have vacillated with respect to user log data concerning use of news generally in connection with Cohere's Command Models. Defendant's current position is that it will produce various log data but will not search and produce the relevant data from those logs, even if the search is tailored to address burden. Defendant insists it will produce some sort of sample of log data, without searching. Defendant's position conflicts with the approach contemplated for this data. Plaintiffs have concerns that they have not yet been able to resolve with Defendant.

- Plaintiffs have sought information sufficient to identify the pertinent datasets and dates for Cohere's training of its Command Models. Cohere's current position is that this information will be provided, but only as part of an in-person inspection of source code. Plaintiffs have concerns about that approach and are attempting to resolve this with Cohere.

- Plaintiffs have sought information sufficient to identify the locations for various activity concerning the training and operation of Cohere's Command models and associated web-connector (RAG). Plaintiffs have pursued this in multiple ways. Cohere has recently indicated it will answer an interrogatory. Plaintiffs hope that will resolve this area of discovery but reserve all rights.

Plaintiffs intend to inspect source code and possibly also training data sources not included in Cohere's training data production. Plaintiffs already identified to Defendant the various areas of code for inspection. Plaintiffs will be working with Defendant on scheduling and associated issues.

Plaintiffs anticipate serving additional written discovery on Cohere. Plaintiffs are also pursuing certain third-party discovery.

### B. Defendant's Discovery Requests

Though the parties reached agreement on March 18, 2026, regarding the search terms and custodians Plaintiffs will initially use to complete their review and production of custodial

documents in response to Defendant's requests for production, Defendant has yet to receive a significant custodial document production from Plaintiffs. Notably, of the approximately 18,400 documents Plaintiffs report having produced, just under 13,000 appear to derive from Plaintiffs' pre-ligation investigation. Defendant continues to review Plaintiffs' non-custodial productions while it waits for Plaintiffs' additional custodial productions.

Defendant served its first set of interrogatories on March 2, 2026, which Plaintiffs responded to on April 1, 2026.  The Parties met and conferred regarding Plaintiffs' responses to the interrogatories on April 10, 2026.  The Parties intend to continue their discussions and will apprise the Court if its intervention is necessary to resolve any disputes between the Parties.

Defendant anticipates serving additional document requests and potential third-party discovery in the coming weeks.

### III. Current or Possible Disputes

#### A. Plaintiffs' Issues

The issues discussed above may require the Court's assistance to resolve. This is core discovery that impacts multiple workflows and needs to be completed.

Finally, as noted in last month's letter, it appears that Defendant has not preserved key user log data. Plaintiffs reserve all rights regarding this issue.

#### B. Defendant's Issues

On April 9, 2026, Plaintiffs provided Defendant with additional responses regarding requests for production that the Parties met and conferred about on March 16, 2026.  Defendant does not believe that the information Plaintiffs provided resolved the outstanding issues concerning the specified requests and thus followed up with requests for confirmation as to the Parties' respective positions on April 21, 2026.  As part of this request, Defendant asked that Plaintiffs confirm that the Parties are at an impasse regarding several of Defendant's requests no later than close of business on April 24, 2026. Assuming the Parties are at an impasse, Defendant anticipates moving to compel production of at least some of these categories of documents.

Additionally, Defendant has reserved rights to raise disputes regarding the adequacy of Plaintiffs' productions based on Plaintiffs' rejections of certain search terms that Defendant believes are necessary to ensure a fulsome response to its requests. Also, as Plaintiffs noted in the Parties' March 27 Joint Discovery Letter, Plaintiffs have agreed to add three additional custodians

but have limited the scope of the searches they will conduct across documents within the possession of those custodians. Defendant has reserved rights to raise disputes regarding the limitations Plaintiffs placed on the search over the additional custodians' documents. Once Defendant receives additional custodial productions from Plaintiffs, it will be able to better assess whether a dispute continues to exist as to this issue.

Respectfully submitted,

**Oppenheim + Zebrak, LLP**                    **Orrick, Herrington & Sutcliffe LLP**
*/s/Scott A. Zebrak* _____            */s/ R. David Hosp* _____
Scott A. Zebrak                               R. David Hosp
*Counsel for Plaintiffs*                       *Counsel for Defendant*