## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ADVANCE LOCAL MEDIA LLC, ADVANCE MAGAZINE PUBLISHERS INC. D/B/A CONDE NAST, THE ATLANTIC MONTHLY GROUP LLC, FORBES MEDIA LLC, GUARDIAN NEWS & MEDIA LIMITED, INSIDER, INC., LOS ANGELES TIMES COMMUNICATIONS LLC, THE MCCLATCHY COMPANY, LLC, NEWSDAY, LLC, PLAIN DEALER PUBLISHING CO., POLITICO LLC, THE REPUBLICAN COMPANY, TORONTO STAR NEWSPAPERS LIMITED, and VOX MEDIA, LLC,

Plaintiffs,

v.

COHERE INC.,

Defendant.

Civil Action No. 1:25-cv-01305-CM

## STIPULATION AND ORDER RE: INSPECTION PROTOCOL

Upon the stipulation of the parties, the following protocol will apply to materials designated HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY that the producing party makes available for inspection pursuant to Paragraph 8 of the Stipulated Protective Order (Dkt. No. 58) in this case:

1.      For the purposes of this protocol, "Inspection Materials" shall be defined as those materials a producing party makes available for inspection pursuant to Paragraph 8 of the Stipulated Protective Order (Dkt. No. 58) in this case.

2.      For the purposes of this protocol, "Inspecting Party" shall be defined as a person to whom HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY materials may be disclosed.

3.     Inspection Materials shall be made available for inspection in electronic format at an office of the producing party's outside counsel. Inspection Materials will be made available for inspection between the hours of 9:00 a.m. and 5:00 p.m. on business days when the office hosting the inspection is open, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times. If requested by the Inspecting Party, the producing party shall make a reasonable effort to ensure that reasonable searches and other automated programs may be run on the Inspection Materials on a continuous, twenty-four-hour basis across multiple days following an initial inspection review session.

4.     The Inspecting Party shall provide five days' written notice prior to any inspection.

5.     Inspection Materials shall be made available for inspection and review as follows:

a.     Inspection Materials shall be made available as maintained in the ordinary course of business.

b.     Inspection Materials shall be made available for inspection in a secure room on a secured laptop without Internet access or network access to other computers (the "Secure Review Computer"). The parties agree to meet and confer in good faith to the extent the Inspecting Party requests an additional Secure Review Computer. Each Secure Review Computer should be connected to an external monitor, an external keyboard, and an external mouse.

c.     The producing party will cooperate with the Inspecting Party to equip the Secure Review Computer(s) with the software and operating tools sufficient for an effective inspection, including that the hardware and software specifications of the Secure Review Computer(s) (*e.g.*, processor speed, RAM, operating system, monitor, compatible IDE, and any dependencies) shall be at least commensurate

with that of computers used by the producing party to review or use Inspection Materials in the ordinary course of business. Each Secure Review Computer shall have the Inspection Materials loaded onto a drive having sufficient space and permissions so that the Inspecting Party may copy selections of the Inspection Materials to a new part of the same drive to facilitate faster searches. Prior to the first review session, the parties will coordinate about the specifications for the Secure Review Computer(s), such as RAM, CPU cores, and local storage.

d.      The Inspecting Party shall be permitted to request that the producing party install software to enable its review of the Inspection Materials on the Secure Review Computer(s). To the extent the Inspecting Party requires software for which the producing party does not already have copies and licenses, the Inspecting Party shall provide the producing party with a licensed copy of the relevant software, whether using a CD, DVD, hard drive, flash drive, or other commonly used storage medium, or link to download the tool from the Internet. The Inspecting Party shall also provide any relevant license keys or other information required to legally access the requested tools. The producing party will use its best efforts to install the requested software within five (5) business days of such request.

e.      Notwithstanding subparagraphs (c) and (d), and consistent with subparagraph (b), the Inspecting Party shall not install, and may not request the installation of, any software on the Secure Review Computer(s) that is externally hosted or otherwise connected to the Internet. All software on the Secure Review Computer(s) must operate locally.

f.      The producing party shall provide the Inspecting Party with information

explaining how to start, log on to, and operate the Secure Review Computer(s) in order to access the Inspection Materials on the Secure Review Computer(s). An individual will be available onsite to handle technical support issues with the Secure Review Computer(s), and the producing party's outside counsel will be available electronically to make reasonable efforts to attempt to resolve issues that may arise during the course of inspection.

g.      The Inspecting Party's counsel and/or experts may take handwritten notes or may take electronic notes on a separate "notetaking" computer. To facilitate taking electronic notes, the producing party shall also provide an additional "notetaking" computer inside the review room that is loaded with at least Microsoft Word software, unless otherwise agreed by the producing party and the Inspecting Party. The notetaking computer shall either be a portable laptop or be located in close proximity to the Secure Review Computer(s) to facilitate electronic notetaking.

h.   Electronic notetaking shall be permitted as follows:

   i.      At the beginning of a review session, the producing party shall, when requested by the Inspecting Party, transfer any notes file to the notetaking computer (*e.g.*, transferring an encrypted notes file from a USB memory stick to the notetaking computer).

   ii.     The Inspecting Party may take notes using the notetaking computer during the inspection. During the review session, the producing party may disable any input and/or output devices on the note-taking computer (*e.g.*, disable any USB ports, Wi-Fi or Ethernet connectivity,

and/or optical disc drives) except as necessary to enable the Inspecting Party to take notes. Use or possession of any input/output device (*e.g.*, USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop/computer, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the notetaking computer.

iii. At the end of a review session, the Inspecting Party may save any notes in the same notes file. The producing party shall, when requested by the Inspecting Party, download from the notetaking computer the notes file and provide an electronic copy to the Inspecting Party (*e.g.*, transferring an encrypted notes file from the notetaking computer to a USB memory stick provided by the Inspecting Party). The notetaking computer shall have no features that would hinder the complete clearing of the Inspecting Party's notes after such notes have been downloaded. The Inspecting Party will not waive any applicable work-product protection over their electronic notes by saving them to the notetaking computer temporarily, and the producing party shall not review the notes at any time.

i. The Inspecting Party shall not copy any Inspection Materials into notes, whether handwritten or electronic. For avoidance of doubt, this provision shall not prevent an Inspecting Party from including their impressions about the Inspection Materials or information about the Inspection Materials into their notes (*e.g.*,

directory paths, source code file names, function names, data variable names, statistical information, and the like). Any notes related to the Inspection Materials will be treated as "HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY."

j.       The producing party may visually monitor the activities of the Inspecting Party's representatives during any inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Inspection Materials. Any monitoring must be visual only (*i.e.*, no audio recording) and conducted from outside the room where the inspection is taking place. The producing party will make an unmonitored breakout room with Internet access reasonably convenient to and near the secured inspection room available for use by the Inspecting Party.

k.       No copies of all or any portion of the Inspection Materials, or other written or electronic record of the Inspection Materials, may leave the secured room in which the Inspection Materials are inspected except as provided herein.

l.       Counsel for an Inspecting Party may request printed excerpts of Inspection Materials from the Secure Review Computer(s). A request for printed copies shall be in writing and must either (a) contain sufficient specificity so that the producing party can easily locate the requested material (for example, by identifying the file path, file name, and line numbers), or (b) identify folder(s) containing PDF files of excerpts saved on the Secure Review Computer(s) (*e.g.*, PDF files containing excerpts of source code printed from Notepad++).  Each page of any printed excerpt, including any PDFs prepared by the Inspecting Party, shall contain: (i) for each line of source code printed, the line number in the file that was the origin of

the print request, and (ii) in the header or footer, file name and un-truncated file path of the file that was the origin of the request.  The producing party shall provide paper copies of requested printed excerpts that contain Bates numbers and the label "HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY." Each request for printed Inspection Materials shall be subject to a cap of twenty-five (25) contiguous pages of code in 12-point font, with an aggregate total of no more than 300 total pages. The Inspecting Party may request additional (including additional contiguous) pages of printed Inspection Materials, and the producing party will negotiate in good faith. The Inspecting Party may request up to three (3) additional copies of all or part of the printed excerpts.

m.      Within three (3) business days of receiving a request to print excerpts of Inspection Materials, the producing party shall either (i) produce paper copies of the requested excerpts of Inspection Materials (either by personal or overnight delivery), or (ii) inform the Inspecting Party that it objects to the request and state with particularity the basis for such objection. If the producing party objects, the parties shall meet and confer within five (5) business days in an attempt to resolve the matter by agreement. If the producing party and the Inspecting Party cannot reach agreement promptly, counsel will address their dispute to this Court in accordance with Section V.B of this Court's Individual Practices and Section IV.b of Magistrate Judge Wang's Individual Practices.

n.      Each Inspecting Party shall sign a log for each review session that includes their name, the date, and the time their review began and end. Each Inspecting Party shall also provide proper identification prior to accessing the Secure Review

Computer(s) containing Inspection Materials. Proper identification requires showing a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.

o.      Other than as provided above, the Inspecting Party will not copy, remove, or otherwise transfer any Inspection Materials from the Secure Review Computer(s) including, without limitation, copying, removing, or transferring the Inspection Materials onto any recordable media or recordable device.

6.      Nothing in this Inspection Materials Protocol will limit the Inspecting Party's ability to seek reasonable steps from the producing party to facilitate review of the Inspection Materials, including by Court order.

7.      Nothing in this Inspection Materials Protocol will prevent the Inspecting Party from challenging, either prior to or after inspection, the designation of Inspection Materials as HIGHLY CONFIDENTIAL – COUNSEL OF RECORD ONLY or as materials designated for inspection only in accordance with the parties' Stipulated Protective Order (Dkt. No. 58).

8.      Notwithstanding any provisions of this Inspection Materials Protocol or the Stipulated Protective Order (Dkt. No. 58), the Parties reserve the right to amend this protocol either by written agreement or Order of the Court upon showing of good cause.

9.      For avoidance of doubt, the Parties agree that their Stipulated Protective Order (Dkt. No. 58) applies in full-force to all copies of the Inspection Materials and any related notes or other materials that are designated as confidential within the parameters of the Protective Order. This includes, but is not limited to, appropriate use of the materials, reproduction of the materials, and destruction of the materials.

SO STIPULATED AND AGREED.

Dated: May 14, 2026

/s/ *R. David Hosp*                                             /s/ *Scott A. Zebrak*

_____                          _____

David Hosp (SBN 2713550)                          Scott Zebrak
Laura Najemy (admitted *pro hac vice*)            Jennifer Pariser
Sheryl Garko (admitted *pro hac vice*)            Yunyi Chen
Mark Puzella (admitted *pro hac vice*)            OPPENHEIM + ZEBRAK, LLP
ORRICK, HERRINGTON & SUTCLIFFE LLP                461 5th Avenue, 19th Floor
222 Berkeley Street, Suite 2000                   New York, NY 10017
Boston, MA 02116-3740                             Telephone: (212) 951-1156
Telephone: (617) 880-1800                         scott@oandzlaw.com
dhosp@orrick.com                                  jpariser@oandzlaw.com
lnajemy@orrick.com                                ychen@oandzlaw.com
sgarko@orrick.com
mpuzella@orrick.com
                                                  Meredith Stewart
                                                  Audrey L. Adu-Appiah
Annette L. Hurst (admitted *pro hac vice*)        Kathleen Wills
ORRICK, HERRINGTON & SUTCLIFFE LLP                OPPENHEIM + ZEBRAK, LLP
The Orrick Building                               4530 Wisconsin Avenue
405 Howard Street                                 NW, 5th Floor
San Francisco, CA 94105                           Washington, DC 20016
Telephone: (415) 773-5700                         Telephone: (202) 480-2999
ahurst@orrick.com                                 mstewart@oandzlaw.com
                                                  aadu-appiah@oandzlaw.com
                                                  kwills@oandzlaw.com

Christopher J. Cariello (SBN 5176821)
ORRICK, HERRINGTON & SUTCLIFFE LLP                *Attorneys for Plaintiffs*
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
ccariello@orrick.com


Geoffrey Moss (admitted *pro hac vice*)
Avery Cartwright (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 South Grand Avenue, Suite 2700

Los Angeles, CA 90071-1596
Telephone: (213) 629-2020
gmoss@orrick.com
acartwright@orrick.com

Amanda Lack (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
353 N. Clark St., Suite 3600
Chicago, IL 60654
Telephone: (312) 924-9800
alack@orrick.com

Jesse Beringer
ORRICK, HERRINGTON & SUTCLIFFE LLP
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: 202-339-8671
jberinger@orrick.com

*Attorneys for Defendant*

-11-

SO ORDERED.

Dated:
New York, New York

                                              _____

COLLEEN McMAHON
United States District Judge