IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

———————————————————————x

Advance Local Media LLC, et al.,

      Plaintiffs,

    v.

Cohere, Inc.,                                    25 Civ. 1305 (CM) (OTW)

      Defendant.

———————————————————————x


REVISED CIVIL CASE MANAGEMENT PLAN

McMahon, J.:

1.    This case **is** to be tried to a jury.

2.    Plaintiffs filed their Complaint on February 13, 2025. ECF 1. Cohere moved to dismiss Counts II, III, and IV of the Complaint on May 22, 2025. ECF 49. The Court ruled on Cohere's partial motion to dismiss, denying its requested relief, on November 13, 2025. ECF 59. Defendant's Answer to the Complaint was filed on December 5, 2025. ECF 69.

3.    Discovery pursuant to Fed. R. Civ. P. 26(a) was exchanged by **May 29, 2025**.

4.    No additional parties may be joined after **September 15, 2025**.

5.    No pleading may be amended after **September 15, 2025**. Notwithstanding the foregoing, solely to update the works and marks in suit Plaintiffs may file an amended complaint by **May 29, 2026**.

6.    All discovery, *including expert discovery*, must be completed on or before **January 22, 2027, with fact discovery concluding on or before October 9, 2026.**

        a.  **PLEASE NOTE:** the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), well before the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates:

            i.  Opening Expert Reports by **October 30, 2026.**[1]

            ii.  Rebuttal Expert Reports by **December 4, 2026.**

7.    Judge McMahon's rules governing electronic discovery are automatically in force in this

---

[1] Opening Expert Reports will be served by the party that bears the burden of proof.

case. The parties must comply with those rules unless they supersede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8.      Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is **Magistrate Judge Ona T. Wang**.

   a. The first time there is a discovery dispute that counsel cannot resolve on their own, file a letter to Chambers via ECF and ask for an order of reference to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon.

   b. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-*pro se* cases.

   c. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that if they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9.      A joint pretrial order in the form prescribed in Judge McMahon's Individual Rules, together with all other pretrial submissions required by those rules (not including *in limine* motions), shall be submitted on or before **February 12, 2027**.

   a. Following submission of the joint pretrial order, counsel will be notified of the date of the final pretrial conference.

   b. *In limine* motions must be filed within **five days** of receiving notice of the final pretrial conference; responses to *in limine* motions are due **five days** after the motions are made. Cases may be called for trial at any time following the final pretrial conference.

10.     No motion for summary judgment may be served after the date the pretrial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pretrial order and other pretrial submissions on the assigned date.*

   a. The following schedule applies for any summary judgment motions and Daubert motions: motions filed on or before **February 12, 2027**; oppositions on or before **March 19, 2027**; and replies on or before **April 16, 2027**.

11.     The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

12.     This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

2

Dated:    July 22, 2026
          New York, New York

Upon consent of the parties:

| | |
|---|---|
| */s/ Scott A. Zebrak*<br>Scott Zebrak (5620125)<br>Jennifer Pariser (2332815)<br>OPPENHEIM + ZEBRAK, LLP<br>461 5th Avenue, 19th Floor<br>New York, NY 10017<br>Telephone: (212) 951-1156<br>scott@oandzlaw.com<br>jpariser@oandzlaw.com<br><br>Meredith Stewart (5639547)<br>Kathleen Wills (*pro hac vice*)<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Avenue NW, 5th Floor<br>Washington, DC 20016<br>Telephone: (202) 480-2999<br>mstewart@oandzlaw.com<br>kwills@oandzlaw.com<br><br>*Attorneys for Plaintiffs* | */s/ R. David Hosp*<br>Laura Brooks Najemy (*pro hac vice*)<br>R. David Hosp (*pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>222 Berkley Street<br>Boston, MA 02116<br>Telephone: 617-880-1800<br>lnajemy@orrick.com<br>dhosp@orrick.com<br><br>Christopher Cariello (5176821)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, NY 10019<br>Telephone: 212-506-3778<br>ccariello@orrick.com<br><br>Geoffrey Moss (*pro hac vice*)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>355 S. Grand Ave., Ste. 2700<br>Los Angeles, CA 90071<br>Telephone: (213) 629-2020<br>gmoss@orrick.com<br><br>*Attorneys for Defendant* |

SO ORDERED:

Hon. Colleen McMahon    7/22/2026
U.S. District Judge

3