September 25, 2026

**Via ECF**

The Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Advance Local Media LLC, et al. v. Cohere Inc.*, No. 25-cv-1305 (S.D.N.Y.)

Dear Judge Wang:

Pursuant to the Court's March 12 post-conference order (Dkt. 84), Advance Local Media LLC, et al. ("Plaintiffs") and Cohere Inc. ("Cohere" or "Defendant") (together, the "Parties") write to provide a discovery status update. Plaintiffs prepared Sections I.A, II.A and III.A. Cohere prepared Sections I.B, II.B, and III.B.

## I. Discovery Progress

### A. Plaintiffs' Productions

Plaintiffs' production of both non-custodial and custodial documents is substantially complete. Plaintiffs have made document productions each month, starting in November 2025 and continuing through this month, totaling approximately 43,000 documents. Plaintiffs have produced additional documents, including with respect to Plaintiffs' amended list of works in suit filed May 29, 2026. Dkts. 94, 94-1. Plaintiffs have also been attempting to collect and produce additional documents in connection with some late-stage requests from Defendant and various other follow up from Defendant. Plaintiffs provided Defendant with privilege logs for many of the Plaintiffs last month and anticipate doing so for the remaining Plaintiffs next week.

On the eve of depositions, Defendant has been making last-minute demands for documents. Plaintiffs have prioritized addressing those requests, so that depositions proceed most productively. Upon completion of depositions, Defendant has been making further demands for documents. Defendants' demands frequently go beyond the scope of its document requests, the parties' conferrals, and the Court's discovery rulings. Nonetheless, Plaintiffs are investigating these requests and responding in due course.

### B. Defendant's Productions

Since the August 28th Letter, Cohere has made three additional productions. Cohere's collective productions to date encompass over 1.3 terabytes of data, and approximately 13,400 documents, comprising roughly 235,000 pages of material. Cohere continues to produce materials

in response to Plaintiffs' requests, and investigate whether additional documents exist, though it believes that it has largely completed this. For example, on September 24, 2026, Cohere produced two datasets in response to Plaintiffs' more recent requests. Cohere is also continuing to investigate whether additional documents or information exist responsive to certain Interrogatories propounded by Plaintiffs and will update Plaintiffs to the extent it uncovers any such documents or information. Cohere intends to verify its interrogatories by the close of fact discovery.

Related to its productions, Cohere has continually explained its document preservation efforts in response to repeated questions from Plaintiffs regarding why a certain very limited amount of information *post-dating* the Complaint was allegedly not retained. Cohere maintains that this information, including API log data, is ultimately irrelevant to Plaintiffs' claims, not encompassed in the Complaint, and attempts to undermine this Court's Order with respect to Cohere's API log sample. Cohere has undertaken significant effort to ensure that Plaintiffs have adequate information to investigate their claims and disputes that there has been "spoliation" of any relevant evidence.

In addition to its continued document productions, Cohere made its source code available for a second inspection in New York on September 2-3, 2026. Cohere has also prepared three 30(b)(6) witnesses to date, covering a total of 69 topics, and is in the process of preparing two additional 30(b)(6) witnesses on another 33 topics. In addition, Cohere has presented three individuals for deposition. The date and timing of the deposition of Cohere's CEO and Co-Founder, Aidan Gomez, is currently being negotiated between the Parties, but is likely to be scheduled after the close of fact discovery. If the Parties cannot reach agreement on the appropriate amount of time for this quintessential Apex witness, Cohere intends to raise this issue with the Court.

## II. Discovery Remaining

### A. Plaintiffs' Discovery Requests

Plaintiffs served their first set of requests for production of documents and interrogatories in July 2025. Since that time, Plaintiffs have served certain additional written discovery.

Defendant provided its first document production on December 31, 2025, consisting of certain training data. Defendant produced various user log data, commencing in February 2026. From February to April 2026, Defendant produced 1,795 documents. In late May 2026, just before the deadline for substantial completion of document production, Defendant produced approximately 5,195 documents. In mid-July, Defendant produced 2,522 documents. At the end of July, Defendant produced another 2,958 documents. In the last month, Defendant has produced additional datasets with copies of Plaintiffs' articles, the last of which were produced yesterday. Plaintiffs have raised questions regarding the contents of some of these datasets, which remain outstanding. There also are various outstanding interrogatories and document requests for which Defendant has indicated it will comply with.

Plaintiffs conducted in-person inspections of source code and certain data on July 20-21 and September 2-3, 2026. Additional inspections may be necessary.

On June 28, 2026, Plaintiffs served Defendant with a 30(b)(6) deposition notice, and a list of individuals they expect to depose via 30(b)(1) depositions. Defendant made its first witness available for a deposition on August 25, 2026. To date, Plaintiffs have taken seven depositions (with three of the individuals also testifying as 30(b)(6) designees). Plaintiffs anticipate several additional depositions of Cohere witnesses, both 30(b)(6) designees and fact witnesses, as well as a non-party deposition.

### B. Defendant's Discovery Requests

Since the last Joint Letter, Cohere has continued to raise specific production deficiencies with Plaintiffs in the hope that Plaintiffs will remediate them. While the Parties are still discussing these issues, as described below, *infra* Section III.B, Cohere notes that they may require the Court's intervention.

To date, Cohere has taken twelve 30(b)(6) depositions of Plaintiffs: one representative from The Atlantic, two from Forbes, two from Vox Media, one from The Guardian, one from the Toronto Star, one from Newsday, one from Advance Local Media, one from Business Insider, one from Conde Nast, and one from McClatchy. Cohere has confirmed dates for the remaining 30(b)(6) depositions (representatives for McClatchy, Conde Nast, Business Insider, Advance Local Media, Newsday, LA Times, and Politico).[1]

In addition to these 30(b)(6) depositions, Cohere has requested dates for four individual witnesses from the Plaintiffs: Peter Martin (Head of Audience at The Guardian), Michael Roman (Director of Applied AI at The Atlantic), Francesca Barber (EVP of Product, Audience, and AI at Politico), and Gennady Lager (SEO Director at Advance Local Media). The Parties met and conferred on September 11, and Cohere is still waiting for dates for each of these individuals. In the event Plaintiffs do not provide dates early next week, Cohere reserves all rights to raise this issue with the Court.

In addition, Cohere has scheduled and intends to take the deposition of third-party BC Guardian.

---

[1] The 30(b)(6) deposition of Politico is scheduled for October 16, 2026, after the close of Fact Discovery. The Parties intend to file a stipulation to take this deposition, and potentially other depositions, out of time.

## III. <u>Current or Possible Disputes</u>

### A. Plaintiffs' Issues

Defendant has failed to preserve key log records concerning use of its models before and during this action. *See e.g.*, Dkt. 87, 141. There is a current or possible dispute with respect to this spoliated evidence. Relatedly, also during this action, Defendant instructed a third party to delete relevant evidence of Defendant's use of content for RAG and model training. That too is the subject of a current or possible dispute. Plaintiffs reserve all rights, claims, and remedies on these issues.

On August 17, 2026, Defendant produced a sample of log records as required by the Court's order of July 2, 2026. Dkt. 128. Plaintiffs remain concerned about the adequacy of the sample and reserve all rights.

The parties conferred on August 21, 2026 concerning various interrogatories and document requests, including some that were the subject of prior conferrals. The conferral was productive, and has continued over email last month. If issues remain unresolved, Plaintiffs may need to seek the Court's assistance.

Defendant's recent deposition testimony raised issues that Plaintiffs intend to discuss with Defendant regarding the sufficiency of its 30(b)(6) testimony and production of documents. If the parties cannot resolve these issues, Plaintiffs may need to seek the Court's assistance.

The above-referenced issues are not comprehensive.

In response to Defendants' July and September letters referenced below, Plaintiffs have been responding to Cohere's many supplemental demands and diligently producing documents on a rolling basis. Plaintiffs do not believe significant deficiencies in their production remain. Defendant's statements insinuating otherwise are inaccurate.

### B. Defendant's Issues

*First*, as noted in the previous Letter, in deposing Plaintiffs' witnesses, Cohere has discovered additional responsive documents in Plaintiffs' possession that Plaintiffs have not produced. In addition, Plaintiffs have *still* not fully produced documents concerning their financial projections and other internal metrics. Cohere has sent several follow-up emails regarding these deficiencies, many of which have received no response.

*Second*, on September 15, 2026 Cohere sent a letter identifying numerous deficiencies in Plaintiffs' productions of data related to web traffic (RFPs 69-70, 82-83, 113-15, 117, 144), subscriptions (RFPs 67, 76, 116), and revenue (RFPs 6, 8-9, 68, 71-74). A number of these deficiencies were originally identified by Cohere on July 17, 2026. The September 15 letter

outlined deficiencies with respect to each Plaintiff relating to the sufficiency and completeness of their production of metrics data relevant to Plaintiffs' allegations of harm to the market for or value of their works and damages. Plaintiffs have yet to respond to this letter.

Cohere remains hopeful that Plaintiffs will comply with their discovery obligations and produce these documents, but reserves all rights to seek the Court's intervention as necessary.

Respectfully submitted,

**Oppenheim + Zebrak, LLP**
*/s/ Scott A. Zebrak*
Scott A. Zebrak
*Counsel for Plaintiffs*

**Orrick, Herrington & Sutcliffe LLP**
*/s/ R. David Hosp*
R. David Hosp
*Counsel for Defendant*