October 22, 2026

**VIA ECF**

O+Z Oppenheim + Zebrak, LLP
WASHINGTON – NEW YORK

**Scott Zebrak**
Oppenheim + Zebrak, LLP
461 Fifth Avenue, 19th Floor
New York, NY 10017
Tel. (202) 450-3758
scott@oandzlaw.com

Hon. Ona T. Wang
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

**Re: *Advance Local Media LLC, et al. v. Cohere Inc.*, Case No. 1:25-cv-1305-CM-OTW**

Dear Judge Wang:

On behalf of Plaintiffs, we write to oppose Cohere's letter motion to compel the production of additional documents concerning the pre-suit investigation undertaken by BCGuardian ("BCG"), a third-party engaged by Plaintiffs' counsel. Dkt. 162. Plaintiffs have already produced ***all*** prompts and outputs from BCG's investigation related to the works-in-suit. Cohere's motion seeking protected materials should be rejected in its entirety.

As a threshold matter, Cohere neglects to mention that it expressly agreed not to seek prompts and outputs related to unasserted works. Cohere did so at the conclusion of a lengthy discussion with Plaintiffs over the protected nature of that material. Cohere is a sophisticated party, represented by counsel, and it acted deliberately. Principles of fairness, efficiency, and finality demand holding Cohere to its strategic choices. Further, Cohere made that agreement because it presumably understood that the material is protected. Case law makes clear that work product protection applies to the identity of the accounts BCG used, as well as the prompts and outputs for works of Plaintiffs that Plaintiffs did not assert. In the circumstances at hand, there has not been any waiver of that protection, and Cohere's assertions of its need for this information are hollow.

Finally, much of the discovery that Cohere seeks is not even in Plaintiffs' possession, custody, or control. Plaintiffs do not have any asset lists that non-party publishers provided to BCG or any connected prompts and outputs. That demanded discovery is also irrelevant and protected by privilege and work product.

## I. Cohere Agreed Not to Seek the Discovery It Now Moves to Compel

Before filing Plaintiffs' lawsuit against Cohere, Plaintiffs' counsel engaged BCG to submit prompts to Cohere's AI models and retain records of the prompts and outputs. BCG investigated as to Plaintiffs' works. At the same time, BCG investigated as to works owned by publishers that are not parties to this case.

Cohere first requested discovery related to BCG's investigation in August 2025. By December 2025, the parties agreed that Plaintiffs' production would consist of all prompts and outputs for the works-in-suit. Plaintiffs produced those prompts and outputs well before the May 29, 2026, deadline for substantial completion of document discovery and Cohere did not raise the issue again for over half a year.

In July 2026, Cohere issued a subpoena to BCG, a Washington, D.C.-based entity, for documents that substantially overlapped with Plaintiffs' production. Cohere, BCG, and Plaintiffs conferred about the scope of BCG's production, including if it would produce prompts and outputs related to unasserted works. Plaintiffs explained that this material was attorney work product and the only court to have found limited waiver was a case in which plaintiffs relied on the model's outputs to demonstrate the ineffectiveness of the defendant's guardrails. *See Concord Music Grp., Inc. v. Anthropic PBC*, No. 24-cv-03811-EK (SVK), Dkt. 478 at 5 (N.D. Cal. Oct. 12, 2025). In August 2026, Cohere agreed "to accept non-production of prompts and outputs related to non-asserted Plaintiff works" if Plaintiffs would agree not to offer testimony from BCG about the "ease or difficulty of prompting Cohere's models to generate outputs that Plaintiffs deem infringing." The full text of that email exchange (the conclusion of which was omitted by Cohere in its letter to the Court) is attached as Exhibit A, with relevant portions highlighted. The agreement is clear.

Cohere should not be permitted to disavow its agreements whenever it rethinks its litigation strategy. That conduct undermines the orderly, efficient, and fair progress of litigation. While the agreement dealt expressly with prompts and outputs for unasserted works, its logic applies equally to the asset lists and the accounts that BCG used, the production of which is only useful for Cohere to reverse-engineer the very same information it agreed not to seek.

## II. <u>The Work Product Doctrine Protects the Demanded Discovery from Disclosure</u>

Prompts and outputs relating to unasserted works, and account information and asset lists that would allow Cohere to discover the same, are irrelevant to the parties' claims and defenses and protected as attorney work product. Numerous courts have held that prompts and outputs generated during pre-suit investigations are opinion work product. *See, e.g.*, *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223-AMO, 2024 WL 3748003, at *2–*3 (N.D. Cal. Aug. 8, 2024) (prompts and outputs from pre-suit investigation were work product because they were "crafted by counsel and contain counsel's mental impressions and opinions about how to interrogate ChatGPT, in an effort to vindicate Plaintiffs' copyrights"); *Concord Music Grp.*, 2025 WL 1482734, at *2 (N.D. Cal. May 23, 2025) ("Anthropic's initial argument, that the information it seeks (undisclosed prompts and outputs, and the settings therefore) is not privileged is unpersuasive."). Courts have also rejected Cohere's assertion that any protection was waived merely by submitting the prompts to defendant's platform. *See Dow Jones & Co., Inc. v. Perplexity AI, Inc.*, No. 1:24-cv-07984-KPF, Dkt. 110 at 57 (S.D.N.Y. Mar. 25, 2026) (denying motion to compel and rejecting argument that submission of prompts to AI model during pre-suit investigation waived work product protection). Indeed, the only AI-related case that Cohere cites to support its theory is inapposite. *United States v. Heppner*, 820 F.Supp.3d 292, 298 (S.D.N.Y. 2026) (criminal defendant's chat with Claude was not work product because they were not prepared by or at the direction of counsel).

Courts have similarly held that information and records about pre-suit investigations, including the accounts used, are protected under the work product doctrine. *See, e.g.*, *Tremblay v. OpenAI, Inc.*, 2024 WL 3748003 (denying OpenAI's motion to compel production of information for OpenAI accounts used to investigate claims); *New York Times Co. v. Microsoft Corp.*, No. 23-cv-11195, Dkt. 243 at 3 (S.D.N.Y. Sept. 13, 2024) (denying motion to compel, at Dkt. 124, which sought production of plaintiff's OpenAI account information).

Cohere claims that it "does not seek discovery regarding *why* any particular work was not asserted in this case." Dkt. 162 at 3–4. But the "choice of *which* [prompts] to feature in the

operative complaint[] is obviously strategic and reflects the mental impressions, conclusions, opinions, and legal theories of counsel." *Disney Enters. v. Midjourney, Inc.*, No. 2:25-CV-05275-JAK-AJR, 2026 WL 2055488, at *13 (C.D. Cal. June 15, 2026) (holding prompts and outputs from pre-suit investigation are "classic work product"). The prompts and outputs that Cohere seeks (and the account information/asset lists that would permit it to reconstruct the unasserted prompts and outputs) plainly reflect counsel's mental impressions and legal strategy related to the lawsuit.

Cohere's assertion that this material relates to the mechanics of the investigation is conclusory and goes only to Cohere's claim of relevance. It does not purport to challenge, let alone overcome, the work product protection. Moreover, BCG's methodology and process have already been produced. Cohere fails to show how prompts and outputs related to unasserted works reveal anything further of relevance.

Nor have Plaintiffs waived work product protection over the requested discovery by using BCG's investigation as both a sword and shield. Cohere argues that all prompts and outputs are needed to contextualize Plaintiffs' claims about the tendencies of Cohere's models or their likelihood to regurgitate or hallucinate information. Dkt. 162 at 1. Plaintiffs addressed this concern in their agreement not to rely on Cohere's outputs to demonstrate the ease of obtaining infringing material; they expressly disclaimed any use of it as a sword. Exhibit A. Cohere should not be permitted to rely on outputs from unasserted works as a shield. And whatever marginal relevance that additional information might potentially have does not justify invading Plaintiffs' clear work product protections.

Cohere's reliance on *BristolMyers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, No. 95 CIV. 8833 (RPP), 1997 WL 801454 (S.D.N.Y. Dec. 31, 1997), is similarly misguided. *BristolMyers Squibb* concerned neither copyright infringement nor the kind of work-by-work investigation that took place here. Rather, the defendant's witness in that case ran a series of experiments related to the patented process at issue, and defendant sought to withhold the ones that were not helpful. *See id.* at *3. In contrast, Plaintiffs have already produced all the prompts and outputs related to every work-in-suit, whether they resulted in infringing outputs or not. This is the functional equivalent of what the court ordered produced in *BristolMyers Squibb*.

Cohere's argument that it needs the discovery to filter out BCG's prompts and outputs from the user log data sample that Cohere produced is pretextual. As Plaintiffs have reminded Cohere, because Cohere has the prompt templates that BCG used, it can simply search for them in the logs. Indeed, the Chat log data that Cohere produced in August 2026 contains a mere 23 prompt-output pairs for which internet connected RAG was enabled. A review of those records readily reveals that no BCG prompts are included.

## III. <u>Plaintiffs Do Not Have the Demanded Discovery Regarding Non-Party Publishers</u>

Cohere's motion also fails because it seeks materials not in Plaintiffs' possession, custody, or control. Plaintiffs do not possess non-Plaintiff prompts and outputs generated by BCG. Nor do Plaintiffs possess lists of non-Plaintiff publishers, or lists of their assets, which Cohere alleges those third parties provided to BCG. These materials are also covered by the attorney client privilege and attorney work product protection, as they relate to a pre-suit investigation of Cohere conducted at the direction of counsel. Plaintiffs have not waived (and indeed cannot waive) these protections, which belong to third parties who have not participated in this litigation.

Plaintiffs appreciate the Court's consideration of this matter.

Sincerely,

Scott Zebrak